```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,

    V.                                            CRIMINAL NO.
                                                20-10263-PBS

JIM BAUGH,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR RULE 17(c) SUBPOENAS**
**(DOCKET ENTRY # 79)**

**August 27, 2021**

**BOWLER, U.S.M.J.**

Pending before this court is a motion "for leave to issue pretrial document subpoenas to eBay Inc." and Morgan, Lewis & Bockius LLP filed by defendant Jim Baugh ("defendant"). (Docket Entry # 79). Upon review of the filings, defendant fails to make the requisite showing to issue the subpoenas.

<u>DISCUSSION</u>

To obtain a pretrial subpoena duces tecum under Fed. R. Crim. P. 17(c) ("Rule 17(c)"), defendant, as the party seeking production, has the burden to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." <u>United States v. Nixon</u>, 418 U.S. 693, 700 (1974); <u>see</u> <u>United States v. Colburn</u>, Criminal No. 19-10080-NMG, 2020 WL 6566508, at *1 (D. Mass. Nov. 9, 2020) ("district court has discretion to authorize the issuance of a Rule 17(c) subpoena" if movant makes requisite

showing); United States v. Hamlin, Case No. RWT 15-cr-0378, 2016 WL 10880219, at *2 (D. Md. Feb. 8, 2016) ("[c]ourt may issue" Rule 17(c) subpoena if defendant shows "relevance, admissibility, and specificity").  One of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery for criminal cases." Nixon, 418 U.S. at 698; accord United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007) ("defense may use subpoenas before trial to secure admissible evidence but not as a general discovery device") (citations omitted).  In contravention of this principle, the subpoenas are seeking discovery intended as a fishing expedition for documents, including "memoranda, recordings, notes of interviews," a wide range of "communications," "[f]orensic analyses," and "presentation(s) concerning [defendant]" or activities by him "and/or other eBay officers, employees, or agents in relation to EcommerceBytes . . ."  (Docket Entry # 79-1, p. 5); (Docket Entry # 79-2, p. 5); see Nixon, 418 U.S. at 700 (Rule 17(c) subpoena duces tecum applicant must show, inter alia, "application is . . . not intended as a general 'fishing expedition'").  Under the facts presented, defendant fails to make the proper showing.

    Defendant also points to the "'constitutional underpinnings'" of Rule 17(c) based on the Fifth Amendment right to due process and the Sixth Amendment right to compulsory

process.  (Docket Entry # 79, p. 6).  Defendant undeniably has a constitutional right to "be afforded a meaningful opportunity to present a complete defense." California v. Trombetta, 467 U.S. 479, 485 (1984).  "To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.'" Id. (quoting United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982)). "[T]his group of constitutional privileges delivers exculpatory evidence into the hands of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of our criminal justice system." Id.  Rule 17(c) also "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." In re Martin Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988) (citing Trombetta, 467 U.S. at 485).  "'The right to defend oneself,'" however, "'does not extend to using the power of the Court to compel third parties to provide information that may not even be admissible at trial or at a hearing or that is merely "investigatory."'" United States v. Rand, 835 F.3d 451, 463 (4th Cir. 2016) (citation omitted).  Having taken into account defendant's constitutional rights, they do not override defendant's failure to satisfy the Nixon standard.

## CONCLUSION

In accordance with the foregoing discussion, the motion for

3

Rule 17(c) pretrial document subpoenas (Docket Entry # 79) is **DENIED**.

        /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge