IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM BAUGH, *et al.* | No. 20-cr-10263-PBS |

### DEFENDANT JIM BAUGH'S OBJECTION TO AND MOTION TO SET ASIDE MAGISTRATE JUDGE'S DENIAL OF RULE 17(c) SUBPOENAS TO EBAY AND MORGAN LEWIS

Pursuant to Fed. R. Crim. P. 59(a), Defendant Jim Baugh respectfully objects to the Magistrate Judge's (Bowler, M.J.) denial of requested pretrial document subpoenas under Fed. R. Crim. P. 17(c). He asks the Court to set aside the denial and authorize the subpoenas. [D.E. 79, 81]

### Background[1]

The Indictment in this case alleges a bicoastal conspiracy that was planned from eBay's headquarters in San Jose, California, and unfolded around a private residence in Natick, Massachusetts. D.E. 33. It alleges that Mr. Baugh, along with other eBay employees and contractors, harassed and intimidated a couple ("Victims 1 and 2"), who published an online newsletter ("Newsletter") about eBay and other e-commerce companies. It further alleges that Mr. Baugh and the others sought to obstruct an investigation of the charged conspiracy by lying to eBay investigators and local police and by destroying documents. The government charges Mr. Baugh and co-Defendant Harville with various interstate stalking offenses, *see* 18 U.S.C. §§ 2261(A)(1)(B) & 2261(A)(2)(B), & 18 U.S.C. § 371; tampering with eBay investigators and

---

[1] Mr. Baugh provides a brief summary of the background of the case and incorporates the motion for the subpoenas, which provides a fuller background. [D.E. 79]

1

the Natick Police Department, *see* 18 U.S.C. § 1512(b)(3); and obstructing a federal investigation by destroying documents, *see* 18 U.S.C. § 1519.

In 2019, eBay hired Morgan Lewis & Bockius LLP to conduct "an internal probe of the scheme." Brian Dowling, "*Former EBay Execs Deny New Charges In Cyberstalking Case*," LAW360 (Nov. 19, 2020).[2] The internal investigation looked into the very conduct at issue in this case, and included interviews with witnesses, including Mr. Baugh.

By motion dated August 24, 2021, D.E. 79, Mr. Baugh sought the issuance of subpoenas to eBay and Morgan Lewis seeking specific documents from this internal investigation, as well as communications among key eBay personnel concerning a limited list of topics. *See* D.E. 79-1 at 5 (subpoena to eBay), D.E. 79-2 at 5 (subpoena to Morgan Lewis). The requested documents include: the final report(s) from the investigation(s); presentations made by eBay employees or counsel to the Audit Committee or the eBay Board regarding the conduct at issue in this case; recordings of interviews *with Mr. Baugh*;[3] recordings of interviews with other employees about Mr. Baugh and the conduct at issue in this case; forensic analysis of alleged falsification or destruction of evidence by Mr. Baugh (the conduct underlying the obstruction count); and communications among certain eBay personnel about a short list of topics relating to the conduct at issue in this case. *See* D.E. 79-1 at 5, D.E. 79-2 at 5. The motion explained that the documents are material to Mr. Baugh's defense under Rule 17(c), *see* D.E. 79 at 6-8, and that Mr. Baugh's due process right to present a defense prevails over any attorney-client privilege between eBay and Morgan Lewis (assuming, *arguendo,* the privilege was not already waived by selective eBay

---

[2] Available at https://tinyurl.com/yyn2rmzp.

[3] *Cf.* Fed. R. Crim. P. 16(a)(1)(E)(iii) (creating an automatic entitlement to materials "obtained from" the defendant).

N/A

and Morgan Lewis disclosures to the government). *See* D.E. 79 at 8-11. Finally, the motion noted that the requests are narrowly tailored and seek specific, identified documents that are readily available to eBay and Morgan Lewis. *See id.* at 11.

Three days later, without a hearing, the Magistrate Judge *sua sponte* denied the motion in its entirety. The Magistrate Judge's decision consisted of a three-page discussion, principally reciting the law regarding subpoenas and making a conclusory finding that the requested "subpoenas are … intended as a fishing expedition." D.E. 81 at 2.

With all respect, the Magistrate Judge was incorrect. The requested subpoenas are the opposite of a fishing expedition: they target specific documents from a private investigation into the very conduct at issue in the Indictment. The requests are within the heartland of documents a defendant has the right to obtain via a Rule 17(c) subpoena. Moreover, Mr. Baugh is charged with misleading this very eBay/Morgan Lewis investigation. Thus, not only are the materials requested *about* the conduct underlying the Indictment; as to the charge of tampering with the eBay investigation, they are primary evidence of guilt or innocence. Mr. Baugh has a constitutional right to present this information in his defense, and a right to obtain the documents prior to trial using a Rule 17(c) subpoena.

**Argument**

Federal Rule of Criminal Procedure 59(a) permits parties to "object[]" to a Magistrate Judge's determination of non-dispositive matters. Under the Rule, the District Court "must… modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id*. Here, the denial was "contrary to law" in its entirety, and the unexplained finding that the requests amount to a "fishing expedition" was clearly erroneous. Accordingly, the Magistrate Judge's ruling should be set aside.

Rule 17(c) permits the issuance of document subpoenas in criminal cases. The only limitation contained in the rule is that "*[o]n motion*," the court "may quash or modify the subpoena *if compliance would be unreasonable or oppressive*." R.17(c)(2) (emphasis added). Here, no motion to modify or quash the subpoenas was presented. *Cf.* Rule 17(c)(2); *Stern v. U.S. Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000) ("[the] rule prescribes a procedure… for challenging such subpoenas"). The government did not object to the subpoenas.[4] The Magistrate Judge did not hear argument on the requests. Instead, she *sua sponte* issued a summary denial of the request for issuance of the subpoenas in the first instance. *Contrast, e.g., In re Martin Marietta Corp.*, 856 F.2d 619, 620 (4th Cir. 1988) (defendant issued Rule 17(c) subpoena to third party, third party moved to quash, and court then adjudicated dispute). Setting aside the Magistrate Judge's denial, at this stage, does not preclude the due consideration of any issues the subpoena targets may wish to raise by motion to quash. The denial at this stage, however, was erroneous.

Under the Rule, document subpoenas "may be quashed if their production would be 'unreasonable or oppressive,' *but not otherwise*." *United States v. Nixon*, 418 U.S. 683, 698 (1974) (emphasis added). The requests here are neither unreasonable nor oppressive. *Nixon* concerned a subpoena to the President, which raised a unique set of concerns and demanded a "particularly meticulous" application of the Rule 17(c). 418 U.S. at 702. In that context, the Supreme Court held that "a subpoena duces tecum is not 'unreasonable or oppressive' if the proponent establishes relevancy, admissibility, and specificity." *Stern*, 214 F.3d at 17 (citing *Nixon*, 418 U.S. at 700). At most, courts have required criminal defendants seeking third-party subpoenas to show "relevance,

---

[4] Nor would the government have standing to do so. *See Katz v. Liberty Power*, No. 18-cv-10506-ADB, 2020 U.S. Dist. Lexis 112969, 26-28 (D. Mass. 2021) (collecting cases for proposition that a party lacks standing to move to quash a subpoena to a non-party).

admissibility, and specificity" under Rule 17(c). *United States v. Colburn*, No. 19-10080-NMG, 2020 U.S. Dist. LEXIS 209113, at *14 (D. Mass. Nov. 9, 2020) (citing *Nixon*).[5]

Moreover, the Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S.683, 690 (1986), and "to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987); *see also In Re Martin Marietta,* 856 F.2d at 621 ("Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor") (citing *California v. Trombetta,* 467 U.S. 479, 485 (1984))). Requests for materials from eBay's investigation into the conduct at issue in the Indictment fall within the "area of constitutionally guaranteed access to evidence." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *see* D.E. 79 at 8-11; D.E. 81 at 2-3.

---

[5] While *Colburn* reflexively applied *Nixon*, *Nixon* itself carefully reserved judgment on whether its requirements "apply in [their] full vigor when the *subpoena duces tecum* is issued to third parties rather than to government prosecutors." *Nixon*, 481 U.S. at 699 n.12. *See, e.g., United States v. Nachamie*, 91 F. Supp. 2d 552, 562 (S.D.N.Y. 2000) (noting that "[a] real question remains as to whether it makes sense to require a defendant's use of Rule 17(c) to obtain material from a non-party to meet this same standard"); *United States v. Tucker,* 249 F.R.D. 58, 63-66 (S.D.N.Y. 2008) (questioning "whether it makes sense to require a defendant seeking to obtain material from a non-party by means of a Rule 17(c) subpoena to meet the *Nixon* standard"); *United States v. Nosal*, 291 F.R.D. 403, 408-09 (N.D. Cal. 2013) (finding third-party subpoenas should issue to a defendant if the "requests are (1) material to his defense, and (2) not overly oppressive"); *United States v. Grobstein,* No. 13 CR 0663 MV, 2013 U.S. Dist. LEXIS 208075, at *11 (D.N.M. Apr. 26, 2013) (analyzing whether a defense subpoena to a third party "is: (1) reasonable, and (2) not unduly oppressive"); *United States v. Soliman*, No. 06CR236A, 2009 U.S. Dist. LEXIS 45194, at *11 (W.D.N.Y. May 29, 2009) (asking whether the "subpoena request is reasonable as material to the defense and is not unduly burdensome"). The First Circuit's formulations preserve flexibility. *See United States v. Henry*, 482 F.3d 27, 30 (1st Cir. 2007) (stating that "[t]he court has power to quash a subpoena that is unreasonable or oppressive"); *Stern v. U.S. Dist. Court*, 214 F.3d 4, 17 (1st Cir. 2000) (stating that "[t]the Supreme Court elucidated the meaning of [Rule 17(c)(2)'s 'unreasonable or oppressive'] standard in *United States v. Nixon*,… holding that a subpoena duces tecum is not 'unreasonable or oppressive' if the proponent establishes relevancy, admissibility, and specificity'").

The Magistrate Judge denied the subpoena requests on the ground that that they "fail[] to satisfy the *Nixon* standard." D.E. 81 at 3. The only reason provided was that "the subpoenas are seeking discovery intended as a fishing expedition." D.E. 81 at 2. That characterization is inapt: the requests seek specific, readily available documents from an investigation into the conduct at issue in this case. The requests are not a "fishing expedition" under any definition of that term. *See* Black's Law Dictionary (9th Ed. 2009) (a "fishing expedition" is "[a]n attempt, through broad discovery or random questions, to elicit information from another party in the hope that something relevant might be found"), *cited in N.Y. Cmtys. for Change v. N.Y.C. Dep't of Educ.,* No. 11CV3494 (SJ) (CLP), 2013 U.S. Dist. LEXIS 47199 at *31 (E.D.N.Y. Mar. 26, 2013) (describing a request to conduct an inspection as "a far cry from a 'fishing expedition,'" where it was "very likely" or "plausible" that the inspection would uncover the material sought-after); *United States v. Kamin*, 135 F. Supp. 382, 389 n.10. (D. Mass. 1955) (captioning as a "fishing expedition" the "contention that a question is pertinent if an answer might reveal further sources of information which, if pursued, might eventually lead to a pertinent inquiry"); *see also Dentsply Int'l, Inc. v. Lewis & Roca, LLP*, No. 1:12-CV-00104-MCA/ACT, 2013 U.S. Dist. LEXIS 202776, at *10 (D.N.M. May 21, 2013) (defining "fishing expedition" as "seeking documents and information beyond the claims or defenses" of the case); *Blankenship v. Fox News Network*, Civil Action No. 2:19-cv-00236, 2020 U.S. Dist. LEXIS 254998, at *46 (S.D. W. Va. Sep. 21, 2020) (same); *Martinez v. Cornell Corr. of Tex.*, 229 F.R.D. 215, 219 (D.N.M. 2005) (same). The subpoena requests here are not a "fishing expedition" in any sense: they seek material concerning the very

conduct at issue in this case; the material is known to exist; and the requested documents are identified with specificity.[6]

The Magistrate Judge cited *United States v. Rand*, 835 F.3d 451, 463-64 (4th Cir. 2016), in which the Fourth Circuit affirmed the denial of pre-trial subpoenas. D.E. 81 at 3. Rand sought the production of "'accounting entries, budgets, budget entries, and financial reports for seven categories of reserve accounts over an eight-year period — the timeframe of the alleged conspiracy,'" in order to defend against charges of accounting fraud. *Rand*, 835 F.3d at 463 The Fourth Circuit simply held that "the district court did not abuse its discretion in finding that Rand *failed to limit his request to entries in issue in the prosecution's case and to justify his broad request." Id*. at 463-64 (emphasis added). The present subpoenas, by contrast, are limited to documents concerning the conduct "in issue in the prosecution's case," and Mr. Baugh amply "justif[ied]" the requests. Unlike the requests in *Rand*, Mr. Baugh's requests are narrowly tailored, seeking specific, identified documents. *See* D.E. 79 at 11; *cf. United States v. Patterson*, No. TJS-20-1078, 2020 U.S. Dist. LEXIS 80949, at *19 (D. Md. May 7, 2020) (providing examples of overbroad requests for "'any and all' documents").

Even assuming Mr. Baugh were required to show relevance, admissibility and specificity under *Nixon* – an assumption he disputes, given his constitutional right to access the materials – he easily meets that standard. The requested documents are relevant because they concern: (a) the conduct at issue in this case, including conduct by Mr. Baugh and his alleged co-conspirators, both in Natick and on the West Coast; and (b) the investigation with which Mr. Baugh is accused of tampering. The tampering counts require the government to prove that Mr. Baugh engaged in

---

[6] Indeed, it appears the government has at least some of the information from the Morgan Lewis investigation in its possession. *See* D.E. 79 at 3 & n.4.

"misleading conduct" "with intent to ... hinder, delay, or prevent the communication to a law enforcement officer ... of the United States...." 18 U.S.C. § 1512(b)(3). Far from having misled eBay officials, materials from eBay's investigation will show that Mr. Baugh acted *at the behest of* eBay officials throughout the conduct alleged in this case. The obstruction counts require the government to prove that Mr. Baugh destroyed records with the intent to impede or influence the investigation. *See* 18 U.S.C. § 1519; D.E. 33 at 22. But the investigation will demonstrate no intent to conceal because high-level executives, themselves, participated in the conspiracy to shut down the Newsletter. The stalking counts require the government to prove Mr. Baugh acted with the intent to harass or intimidate. *See* D.E. 77 at 10. As to all of the charges, the requested documents are relevant to a defense of good faith and/or necessity. *See id.* at 10-11. The documents are expected to show that Mr. Baugh was told that stopping the Natick bloggers was an urgent safety matter, believed that stopping the Natick bloggers was an urgent safety matter, and acted with that purpose in mind. He has a right to present a defense of good faith and/or necessity. *See id.* (discussing "good faith" jury instruction); *United States v. Sturm*, 870 F.2d 769, 777 (1st Cir. 1989) ("Jury instructions that allow a conviction even though the jury may not have found that the defendant possessed the mental state required for the crime constitute plain error").

Although it is difficult to determine the admissibility of documents that have not yet been viewed (and the Magistrate Judge did not cite admissibility as a basis for the denial), any number of potential arguments exist for their admissibility. The reports may be admissible as business records. *See, e.g., Crimm v. Missouri Pacific R. Co.,* 750 F.2d 703 (8th Cir. 1984) (affirming admission of investigative report pursuant to business record exception); *Brauninger v. Motes*, 260 F. App'x 634, 636-639 (5th Cir. 2007) (investigation by human resource manager of sexual harassment complaints admissible as business record); *Byrd v. Merrill Lynch*, No. 10-0247, 2011

U.S. Dist. LEXIS 73686, at *18 (D.N.J. July 8, 2011) ("the investigative file is almost certainly admissible as a business record under Federal Rule of Evidence 803(6)"); *Smith v. Beck*, No. 1:08CV166, 2012 U.S. Dist. LEXIS 54142, at *6 (M.D.N.C. Apr. 18, 2012) (internal investigation report considered admissible as business record). Components may be admissible as evidence of Mr. Baugh's state of mind. *See* F.R.E. 801(c)(2) (hearsay prohibition triggered only by statements offered for the truth of the matter asserted). Interview statements and statements within the reports could be admissible as business records, *see La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n.7 (5th Cir. 2002) (human resource manager's notes regarding sexual harassment investigation admissible as business records), and/or under various other exceptions to the hearsay rule. *See, e.g.,* Fed. R. Evid. 803(2) (present sense impression), 803(5) (recorded recollection).

Finally, as discussed above, the requests are specific. *See* D.E. 79 at 11. Had Mr. Baugh sought to subpoena only the presentation given to eBay's Audit Committee, for instance, that document request surely should issue. That he requested a greater *volume* of documents here does not make the requests any less *specific*. And any concern about the burden of the requests is a matter for the targets to raise in a future proceeding (and Mr. Baugh disputes that the requests are unduly burdensome).  In sum, the Magistrate Judge's blanket denial of the subpoenas, based on the bald assertion that they are a "fishing expedition," was clearly erroneous, contrary to law, and should be set aside.

## Conclusion

For the foregoing reasons, Mr. Baugh requests that the Court set aside the Magistrate Judge's denial of his document subpoenas and authorize the issuance of the requested subpoenas to eBay and Morgan Lewis.

9

Respectfully submitted,

**JIM BAUGH**

by his attorneys,

    */s/ William Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO # 601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

**CERTIFICATE OF SERVICE**

I caused the foregoing document to be served, by ECF filing September 10, 2021, on the parties registered for ECF notices in this case. A courtesy copy will also be served by e-mail on counsel for eBay.

    */s/ William Fick*