UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM BAUGH &<br>DAVID HARVILLE,<br><br>　　　　Defendants | 1:20-cr-10263-PBS/MBB |

RESPONSE TO DEFENDANT JIM BAUGH'S OBJECTION

Defendant Jim Baugh has objected to the Court's (Bowler, M.J.) refusal to issue Fed. R. Crim. P. 17(c) subpoenas on his behalf to eBay, Inc. and its outside counsel, Morgan Lewis. (Docket No. 84). Baugh and several coconspirators were eBay employees who, in August 2019, harassed and intimidated the editor and publisher of a Newsletter that covered eBay, and then obstructed the criminal investigation that followed. (Indictment, Docket No. 33).

Baugh proposes to subpoena from eBay and Morgan Lewis, a law firm eBay retained in the wake of the attacks, among other records: (1) reports from counsel's investigation into the harassment, intimidation, and obstruction; (2) counsel's reports to eBay's audit committee or board of directors; (3) counsel's memoranda and notes of interviews of Baugh and other eBay employees; (4) eBay's forensic analyses of the destruction of evidence by Baugh and his coconspirators; and (5) three years' worth of communications between and among Baugh, four eBay lawyers, two eBay CEOs, and others regarding the victims, their Newsletter, an anonymous online critic of eBay named Fidomaster, and Elliot Management, an investment firm that at one time owned a $1.4 million stake in eBay.

1

It will be for eBay and its counsel to advise the Court about the unreasonableness or oppressiveness of the defendant's proposed subpoenas. eBay and its counsel will similarly either assert (or not assert) claims of attorney-client privilege or work product protection over the fruits of the company's internal investigation. *See Upjohn v. United States*, 449 U.S. 383 (1981). The United States, however, provides the context below for the Court's consideration as it addresses the defendant's appeal.[1]

I. <u>Background</u>[2]

Baugh was the Senior Director of Global Security at eBay. (¶ 1). Victims 1 and 2, who lived in Natick, published a Newsletter that covered eBay. (¶¶ 8-9). In August 2019, Baugh led a harassment, intimidation, and surveillance campaign targeting Victims 1 and 2 in retaliation for the Newsletter's content. (¶ 11).

Baugh first directed several of his reports to send harassing and threatening deliveries to the Victims' home. The deliveries included live insects, a fetal pig, a book on surviving the loss of a spouse, and a funeral wreath, among others. (¶ 16h, j, q, and t). Baugh and other coconspirators also targeted the Victims with harassing and threatening communications over Twitter, including the publication of the Victims' home address and threats to visit them there if the Victims did not change the Newsletter's coverage of eBay. (¶ 16s, v, and nn). Baugh, his co-defendant David Harville, and two other coconspirators also traveled to Natick, where they surveilled the Victims and attempted to install a GPS device on the Victims' car. (¶ 16bb, hh).

---

[1] The government has standing to address the propriety of a Rule 17 subpoena directed to a third party to, among other things, prevent the undue lengthening of a trial or to prevent a defendant from obtaining materials otherwise protected from disclosure. *See United States v. Nix*, 251 F. Supp.3d 555, 562 (W.D.N.Y. 2017) (collecting authority).

[2] "¶" references are to the Indictment, Docket No. 33.

In connection with the trip, Baugh directed another coconspirator to make up allegations that the Victims had directly threatened eBay's CEO and employees, so that the surveillance team could claim to be investigating the Victims if stopped by the police. (¶ 15h).

When the Natick Police Department ("NPD") connected the harassment to Harville and Veronica Zea, another coconspirator, Baugh falsely posed as Zea's husband to an investigating detective. (¶ 16ww). Baugh and his coconspirators then coordinated a response to the NPD investigation, offering a slew of false justifications for the surveillance team's presence in Natick, including that eBay personnel were investigating the harassment—the very conduct that Baugh had directed. (¶ 16xx, ddd. ggg). When Baugh learned that the NPD had connected debit cards used in the Bay Area to some of the harassing deliveries, he directed a coconspirator to fabricate an eBay document that named uninvolved third parties as eBay "Persons of Interest". (¶ 16eee). When Baugh returned to eBay's California headquarters, he lied (and directed others to lie) to eBay investigators about the purpose of the trip, and he destroyed (and directed others to destroy) communications and other evidence of the harassment campaign. (¶ 16iii—qqq).

The Indictment charges Baugh with conspiracy to commit stalking through travel and the facilities of interstate commerce, in violation of 18 U.S.C. § 371 (Count 1); stalking through interstate travel, in violation of 18 U.S.C. § 2261A(1)(B) (Counts 2 and 3); stalking through facilities of interstate commerce, in violation of 18 U.S.C. § 2261A(2)(B) (Counts 6 and 7); witness tampering, in violation of 18 U.S.C. § 1512(b)(3) (Counts 10 and 11); and obstruction of justice, in violation of 18 U.S.C. § 1519 (Counts 13 and 14).

II.     The United States Has Produced Discovery Obtained from eBay to Baugh

Baugh's appeal suggests that he has not already been provided with extensive evidence from eBay's investigation into the conduct at issue in this case, including contemporaneous communications among eBay personnel and forensic evidence regarding the allegations in the Indictment.

During the course of its investigation, the United States obtained more than 14,200 pages of records from eBay. Consistent with Justice Department policy, the United States did not request counsel's memoranda of interviews, notes, or internal presentations, or any waiver of eBay's attorney-client privilege or work product protections. *Justice Manual*, § 9-28.710 ("prosecutors should not ask for such waivers and are directed not to do so"). Rather, it requested records and communications evidencing what happened in August 2019: organizational charts, e-mails (including in native format where relevant to the allegations), forensic images of electronic devices, text messages, telephone call logs, travel records, expense reports, Outlook calendars, internet browsing history, network and internet logs showing the coconspirators' use of certain eBay-issued IP addresses, building access logs, diagrams showing the layout of eBay buildings, and information found on eBay-issued phones and computers, among other categories of evidence. *Id.* ("What the government seeks and needs to advance its legitimate (indeed, essential) law enforcement mission is not waiver of [attorney-client and work product] protections, but rather the facts known to the corporation about the putative criminal misconduct under review.").

The United States has produced all of the eBay records it obtained to both defendants Baugh and Harville. Baugh does not lack for information from eBay concerning his offenses. To obtain a Rule 17 subpoena that is not simply a mechanism to engage in broad discovery—the fishing expedition that Magistrate Judge Bowler describes—Baugh should be required to articulate more specific requests. *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (the proponent

of a subpoena must demonstrate relevancy, admissibility; and specificity of the requested materials).

   III. <u>The Proposed Subpoenas Seek Irrelevant and Inadmissible Information</u>

Records that Baugh asserts will show that he "acted *at the behest of* eBay officials throughout the conduct alleged in this case", Def. Mem. at 8 (emphasis in original), or that "high-level executives, themselves, participated in the conspiracy to shut down the Newsletter," *id.*, are neither relevant or admissible within the meaning of *Nixon*, *see* 418 U.S. at 699-700 (1974), and accordingly do not justify the issuance of the requested subpoenas.

Assuming that documents inculpating eBay executives and lawyers exist, they would show only that defendants Baugh and Harville had other coconspirators, not that eBay could authorize harassment and obstruction in a manner that negates guilt. *See United States v. Rogers*, 2012 WL 2273939, *1 (E.D. Mich. 2012) ("The mere fact that others may have been involved in wrongdoing does not preclude Defendant's involvement; the fact remains that Defendant is the one charged in this case, and exculpatory evidence he seeks to introduce must be relevant to *his* guilt or innocence, not that of others."). Private citizens—even corporate executives—cannot immunize the harassment and intimidation of victims, or the obstruction of a police investigation into that harassment.

The records Baugh would subpoena—even assuming they do not implicate the attorney-client privilege or work product doctrine—do not meet *Nixon's* standard. Magistrate Judge Bowler correctly refused to issue the subpoenas.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   */s/ Seth B. Kosto*
      SETH B. KOSTO
      Assistant United States Attorney

September 21, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                   */s/Seth B. Kosto*
                                             SETH B. KOSTO
                                             Assistant United States Attorney

September 21, 2021