**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>　　　　Defendants. | Criminal No. 20-CR-10263-PBS<br><br>ORAL ARGUMENT REQUESTED |

**UNOPPOSED JOINT MOTION OF
EBAY INC. AND MORGAN LEWIS TO INTERVENE**

　　　　eBay Inc. ("eBay") and Morgan Lewis & Bockius LLP ("Morgan Lewis") (together, the "Movants") respectfully move this Court to permit them to intervene in this matter for purposes of asserting and protecting attorney-client privilege, attorney work product protections, and other legal rights, and to otherwise oppose Defendant Jim Baugh's pending Motion for Rule 17(c) Subpoenas to eBay and Morgan Lewis. (Dkt. 79). As the government and Magistrate Judge Bowler have explained, Baugh has failed to make the requisite showing that the subpoenas should issue. *See* Dkts. 88, 81. The Movants seek leave to intervene such that they may be heard on Baugh's motion at the Court's hearing scheduled for October 1, 2021 and, as necessary, to assert their significant and cognizable interests in opposition to Baugh's motion. Following the hearing, should the Court determine that subpoenas in some form should issue, the Movants request that the Court order the parties to meet and confer with the Movants on both the scope of the subpoenas and with regard to a briefing schedule to address any issues that cannot be resolved through the meet and confer process; alternatively, if the Court prefers to receive the Movants' positions prior to the Court's decision on Defendant Baugh's motion, the Movants respectfully request that a briefing schedule be set to allow them sufficient time to prepare and

make substantive submissions. Counsel for the government and for both Defendants in this matter have informed the Movants that they do not object to this motion.

As grounds for this motion, the Movants state as follows:

1. On August 24, 2021, Baugh moved for leave to issue pretrial document subpoenas to eBay and its outside counsel, Morgan Lewis, which assisted in eBay's internal investigation into the underlying conduct in this matter. (Dkt. 79). The proposed subpoenas seek, among other things, final reports from eBay and/or Morgan Lewis of eBay's internal investigation; presentations related to the underlying conduct made by eBay in-house counsel or Morgan Lewis to eBay's Audit Committee and Board of Directors; memoranda, recordings and notes of interviews conducted by eBay in-house counsel or Morgan Lewis during eBay's internal investigation; and a universe of electronic communications. (Dkt. 79-1). Magistrate Judge Bowler denied Baugh's motion in an opinion issued on August 27, 2021. (Dkt. 81). Baugh appealed that decision on September 10, 2021, (Dkt. 84), and on this Court's order, the government filed a response to Baugh's motion on September 21, 2021. (Dkt. 88). On September 24, 2021, this Court scheduled a hearing on Baugh's motion for October 1, 2021. (Dkt. 93).

2. A party seeking to issue a pretrial subpoena duces tecum under Fed. R. Crim. P. 17(c) has the burden to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *Id.* at 698; *accord United States v. Henry*, 482 F.3d 27, 30 (1st Cir. 2007) (defense may not use subpoenas "as a general discovery device") (citations omitted). In denying Baugh's motion, Magistrate Judge Bowler found that "[i]n contravention of this principle," Baugh's proposed subpoenas to eBay and Morgan Lewis are

impermissibly "seeking discovery intended as a fishing expedition for documents." (Dkt. 81 at 2) (citing *Nixon*, 418 U.S. at 700 (Rule 17(c) subpoena duces tecum applicant must show, inter alia, "application is . . . not intended as a general 'fishing expedition'")); *see also* Fed. R. Crim. P. 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement.").

3. The Movants seek to intervene in this matter to assert attorney-client privilege, attorney work product protections, and other legal rights and, as necessary, to otherwise oppose Baugh's motion and the proposed subpoena. As the government has acknowledged, the Movants' substantial interests in opposing the subpoena and in protecting this information from disclosure are not adequately represented by the parties in this matter. *See* Dkt. 88 at 2 ("It will be for eBay and its counsel to advise the Court about the unreasonableness or oppressiveness of the defendant's proposed subpoenas. eBay and its counsel will similarly either assert (or not assert) claims of attorney-client privilege or work product protection over the fruits of the company's internal investigation.").

4. "Intervention is appropriate as of right when the disposition of an action may impair [or impede] the applicant's cognizable interest." *United States v. Gibson*, No. 15-cr-10323, 2016 WL 3566198, at *2 (D. Mass. June 24, 2016) (allowing motion to intervene to address magistrate judge's ruling on discovery order) (quoting *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001)). This court and others have recognized a third party's right to intervene in criminal proceedings to assert the same rights that Movants wish to assert here. *See id.* ("Colorable claims of attorney-client privilege and work product privilege qualify as sufficient interests to ground intervention as of right."); *United States v. Swartz*, 945 F. Supp. 2d 216, 218-19 (D. Mass. 2013) ("Several courts have recognized this kind of limited intervention

3

as a proper device by which third parties may assert their interest in protecting confidential materials obtained during criminal proceedings."); *see also United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981) ("We have also held that a third party may intervene in a criminal trial to challenge production of subpoenaed documents on the ground of privilege.").

5. The Movants respectfully request that the Court allow them to intervene in this matter so that they may be heard on Baugh's Motion for Rule 17(c) Subpoenas to eBay and Morgan Lewis (Dkt. 79) and, as necessary, to assert their cognizable and significant interests in opposition thereto.

6. To the extent that the Court is inclined to overrule Magistrate Judge Bowler's decision and allow the subpoenas to issue in some form, the Court should order the parties to meet and confer with the Movants both as to the scope of the subpoenas and with regard to a briefing schedule to address any issues that remain following the meet and confer process. Alternatively, if the Court prefers to receive the Movants' positions prior to the Court's decision on Baugh's motion, the Movants respectfully request that a briefing schedule be set to allow them sufficient time to prepare and make substantive submissions.[1]

7. Counsel for the Movants have conferred with counsel for the government and counsel for Defendants Baugh and David Harville regarding the relief requested herein. Counsel for the government indicated that it did not object to this motion. Counsel for Baugh and counsel for Harville indicated that they did not oppose this motion for intervention, subject to the right to respond to any written filing that may ultimately be submitted by the Movants to the Court.

---

[1] The Movants reserve all objections and challenges to the proposed subpoena.

WHEREFORE, eBay and Morgan Lewis respectfully request that the Court grant this motion to intervene in the above-captioned matter and to be heard on Defendant Baugh's Motion for Rule 17(c) Subpoenas to eBay and Morgan Lewis (Dkt. 79).

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), the Movants hereby request the opportunity to be heard on this motion.

Dated: September 30, 2021

Respectfully submitted,
eBay Inc.
Morgan Lewis & Bockius LLP

By: */s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

*Counsel for eBay, Inc.*


*/s/ Jonathan M. Albano*
Jonathan M. Albano (BBO #013850)
jonathan.albano@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA  02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

Nathan J. Andrisani (*pro hac vice forthcoming*)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

# LOCAL RULE 7.1(A)(2) CERTIFICATIONS

I, Jack W. Pirozzolo, counsel for eBay, hereby certify that, in accordance with Local Rule 7.1(A)(2), I have conferred with counsel for the government, who does not object to the relief requested in this motion. I further certify that I have conferred with counsel for both defendants in this matter, who indicated that they did not object to the relief requested herein, subject to the right to respond to any substantive submission.

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo


I, Jonathan M. Albano, of Morgan Lewis, hereby certify that, in accordance with Local Rule 7.1(A)(2), Morgan Lewis has conferred with counsel for the government, who does not object to the relief requested in this motion. I further certify that Morgan Lewis has conferred with counsel for both defendants in this matter, who indicated that they did not object to the relief requested herein, subject to the right to respond to any substantive submission.

*/s/ Jonathan M. Albano*
Jonathan M. Albano

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo
