UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>Defendants. | Criminal No. 20-CR-10263-PBS |

### [PROPOSED] AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS OF INTERVENORS EBAY INC. AND MORGAN LEWIS & BOCKIUS LLP

Defendant Jim Baugh ("Defendant") and Intervenors eBay Inc. ("eBay") and Morgan Lewis & Bockius LLP ("Morgan Lewis," and together with eBay, "Intervenors") hereby agree that the privilege log(s) to be provided by Intervenors to the Defendant in connection with this matter (each privilege log, a "Privilege Log," and together, the "Privilege Logs") shall be governed by this Agreed Upon Order ("Order"), subject to amendment by further agreement of Intervenors and the Defendant or by Order of the Court. Accordingly, the Defendant and Intervenors agree as follows:

1. Intervenors contend that the Privilege Logs contain sensitive personal information and/or information that is trade secret, commercially sensitive and/or highly confidential and that would in the ordinary course by treated as confidential and not disclosed to third parties;

2. The Privilege Logs shall be used solely in connection with the preparation and litigation of the Defendant's legal defense in this case, including, for the avoidance of doubt, in connection with any motion practice related to Defendant's Fed. R. Crim. P. 17(c) subpoenas to the Intervenors, and shall not be copied, disseminated or in any way disclosed to anyone outside

the Defense Team (as defined *infra*) except as expressly provided for herein or by further Order of the Court;

3. The Defendant's Defense Team (defined as attorneys of record and their employees or contractors/agents) may take reasonable steps necessary to load the Privilege Logs onto secure servers (in-house or provided by third-party vendors) or networks or password-protected encrypted electronic drives from which the Defense Team and the Defendant may access, review, download, print and copy the Privilege Logs;

4. The Defendant and the Defense Team may access and review the Privilege Logs on the secure servers or networks or hard drives as well as in hard copy form where needed;

5. The Defendant may maintain one physical and/or electronic copy of the Privilege Logs, and Defense Team members and Defendant may exchange the Privilege Logs via email;

6. All persons, including the employees, contractors and/or agents of the Defendants' Defense Team, who are provided access to or copies of the Privilege Logs or access to information contained in or derived from the Privilege Logs in connection with the preparation and defense of this matter shall be advised of the privacy and confidentiality of such information and their obligation not to disclose the information except as permitted by this Order;

7. Defendant's Defense Team may share and discuss the Privilege Logs with Co-Defendant David Harville and his Defense Team, subject to their written agreement to abide by the terms of this Order;

8. No person who accesses or receives information contained in the Privilege Logs from the Defendant's counsel of record is permitted to further disseminate or further disclose any such information, other than as permitted by this Order;

9. The Defendant's counsel of record shall maintain this Order in their files until the conclusion of the litigation, including all appeals;

10. Except as otherwise ordered by the Court, any party wishing to file the Privilege Log(s), or any portion thereof, must either (1) obtain written permission from Intervenors to file such material in the public record, which will not be unreasonably withheld, or (2) move the Court for leave to file the Privilege Log(s) under seal pursuant to Local Rule 7.2. Unless and until the Court has ruled on such a motion, no party may file the Privilege Log(s), or any portion thereof, in the public record. Nothing herein shall preclude a party from filing a pleading, brief, or exhibit that attaches or recites verbatim from the Privilege Logs under seal with consent of the Court. In the event that the Court denies a request to file the Privilege Log(s) under seal, the party seeking to file the Privilege Log(s) shall give Intervenor(s) notice and an opportunity to be heard by the Court before publicly filing the Privilege Log(s) in any pretrial pleading or pretrial hearing;

11. At the conclusion of this litigation, including all appeals, all individuals referenced in this Order who have received the Privilege Logs or information derived therefrom, not to include attorney work product incorporating information from the Privilege Logs, shall destroy such material or information. If any information or materials are not returned to Intervenors, counsel of record for the Defendant shall provide written confirmation to the Intervenors that such materials or information have been destroyed and that no other copies have been retained;

12. Nothing in this Order shall be construed to prohibit the Defense Team from providing the Privilege Logs to the Government as required by reciprocal discovery rules or

3

practices or pursuant to a court order. Nothing in this Order is intended to prohibit or limit the Government in discharging its discovery obligations;

13. Intervenors' production of the Privilege Logs shall not constitute a waiver of attorney client privilege or work product protection in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit Intervenors' right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information;

14. Nothing contained in this Order will preclude any party or Intervenors from applying to the Court for further relief or modification of any provision thereof.

Dated: November 5, 2021

/s/ *William W. Fick*
William W. Fick, Esquire
BBO # 650562
Daniel N. Marx, Esquire
BBO# 674523
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel. (857) 321-8360
wfick@fickmarx.com

*Counsel for Jim Baugh*

/s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

*Counsel for eBay Inc.*

/s/ *Jonathan M. Albano*
Jonathan M. Albano (BBO #013850)
Emma D. Hall (BBO #687947)
jonathan.albano@morganlewis.com
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

Nathan J. Andrisani (*pro hac vice*)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Dated: 11/9/21

IT IS SO ORDERED: _____