**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Criminal No. 20-CR-10263-PBS |
| JIM BAUGH, et al., | HEARING SCHEDULED FOR: |
| | January 28, 2022 |
| Defendants. | |

**<u>DECLARATION OF ANDREW C. PHELAN, ESQ.</u>**

I, Andrew C. Phelan, Esq., hereby depose and say as follows:

1.      I submit this declaration in support of the motions of eBay, Inc. ("eBay") and Morgan, Lewis & Bockius LLP ("Morgan Lewis") to partially quash the Rule 17  subpoenas served on them by defendant Jim Baugh ("Baugh" or "Defendant") in the above-captioned matter.  Unless otherwise noted, the statements set forth herein are based on my own personal knowledge.  They are true to the best of my knowledge, information and belief as of the date I signed this declaration.

2.      I am an attorney licensed to practice law in Massachusetts.  I am currently the managing partner of Phelan Law, LLC, a position I have held since January 2020.  Prior to January 2020, I was a partner for over fifteen years at the law firms of Morgan Lewis and Bingham McCutchen LLP prior to its acquisition by Morgan Lewis.  Prior to joining Bingham McCutchen, I was an Assistant United States Attorney in the District of Columbia and, before that, a Trial Attorney at the U.S. Department of Justice.  For the past twenty years, my practice has primarily focused on representing individuals and organizations in commercial litigation matters and criminal and regulatory investigations and enforcement matters, including many internal investigations.

1

3.      On or about August 28, 2019, eBay engaged Morgan Lewis to conduct an internal investigation in coordination with eBay's in-house legal team (the "Internal Investigation") of allegations that certain eBay employees and contractors were involved in the harassment of Ina and David Steiner (the "Steiners"), a couple living in Natick, Massachusetts.

4.      Around that same time, the United States Attorney's Office for the District of Massachusetts ("USAO"), in conjunction with the Natick Police Department, the FBI and other law enforcement agencies, initiated an investigation of the alleged harassment (the "USAO Investigation").  Morgan Lewis represented eBay in connection with the USAO Investigation.

5.      I was the partner at Morgan Lewis primarily responsible for representing eBay in both the Internal Investigation and the USAO Investigation.  I held that role through the date of my departure from Morgan Lewis.  Following my departure, I continued to represent eBay as its principal outside counsel responsible for both the Internal Investigation and the USAO Investigation.  Morgan Lewis also continued to represent eBay in connection with the USAO Investigation after my departure.  Morgan Lewis and I continuously acted as eBay's attorneys in connection with both the Internal Investigation and the USAO Investigation from August 28, 2019 through the present.

6.      The purpose of the Internal Investigation was to collect relevant facts regarding the alleged harassment of the Steiners in order to provide legal advice to eBay.  Documents and communications created during the course of the Internal Investigation were prepared to provide legal advice and in anticipation of potential litigation.

7.      The Internal Investigation was conducted in close coordination with eBay's in-house legal team.  That team includes attorneys who regularly conduct internal investigations, including investigations of potential misconduct by eBay employees.  Among the members of

that team were Amir Vonsover, an attorney in eBay's legal department, who had principal responsibility within eBay to investigate the alleged harassment, and Shannon Macauley, a senior paralegal in eBay's legal department.

8.      Shortly before eBay engaged Morgan Lewis to conduct the Internal Investigation, eBay attorneys had begun their own investigation of the allegations regarding the Steiners. The Natick Police Department first contacted eBay about harassment of the Steiners on August 20 and 21, 2019, in response to which eBay immediately began an internal investigation. eBay's investigation included rapidly collecting documents and conducting numerous interviews, including of Baugh, the other co-conspirators identified in Baugh's indictment, then-Chief Communications Officer Steven Wymer, and others.

9.      As part of the Internal Investigation, Morgan Lewis collected relevant documents and conducted interviews.  Morgan Lewis also reviewed information that eBay's in-house legal team had collected as part of their initial investigation.

10.     As is common in my experience, both the initial eBay in-house investigation and the Internal Investigation were intended to be subject to eBay's attorney client privilege, as well as work product protection applicable to documents created during the course of the investigations by both eBay and Morgan Lewis.

11.     Beginning in September 2019 and continuing to the present, I communicated multiple times with the USAO on behalf of eBay.  I provided to the USAO information that eBay had learned during the course of the initial eBay in-house investigation and the Internal Investigation.  I also provided information in response to specific requests for information the USAO made of eBay.

12.     The information I provided consisted of factual information collected during the course of the initial eBay in-house investigation and the Internal Investigation.  That information included documents collected during the investigations, for example, emails and text messages by and among Defendants in this matter and other eBay personnel.  I also provided information showing that certain individuals, including Defendants Baugh and Harville, had hidden their actions from eBay, including by destroying or otherwise deleting evidence of their harassment of the Steiners. The information included their communications and activities before, during, and after the harassment of the Steiners occurred. It also included, among other things, evidence of the Defendants' concealing and destroying evidence, inventing and coordinating a false "cover" story to tell eBay investigators, and falsifying a document to support that false cover story. Much of the information appeared later in the June 2020 FBI affidavit filed with the original charging documents as well as in the November 3, 2020 indictment in this case against Defendants Baugh and Harville.

13.     I informed the government of statements certain individuals made to eBay attorneys, during eBay's initial investigation of the conduct.  These included statements made to eBay's in-house counsel Amir Vonsover and paralegal Shannon Macauley.  I did not provide copies of any memoranda or notes of those interviews.  Rather, on or about October 13 and 16, 2020, I provided oral reports of statements the following individuals gave to eBay in-house attorneys in August 2019:

       a.   Defendant Jim Baugh (October 13);

       b.   Defendant David Harville (October 13); and

       c.   Steven Wymer (October 16).

To the best of my recollection, I did not discuss with the government the substance of any other interviews conducted during the initial eBay investigation or the Internal Investigation.

14.     With regard to Defendant Baugh, I also told the government that Baugh's attorney had told me in substance in early September 2019 that Baugh had lied to Mr. Vonsover when he denied involvement in harassing the Steiners.  I told the government the attorney's statement that Baugh had confirmed to him that Devin Wenig had never told him to do anything illegal or improper with regard to the Steiners.

15.     On February 23, 2021, eBay made Mr. Vonsover available to the USAO for an interview via Zoom.  I attended that interview.  At the outset of the interview, the USAO said that it was not asking Mr. Vonsover or eBay to waive the attorney client privilege or work product protections and that it was not seeking information subject to those protections. The government said, both in requesting the interview and in the interview, that it was interested in the facts that came from persons interviewed, in particular, their statements about the Steiner harassment. During the interview, Mr. Vonsover related in detail statements that Baugh and Harville had made to him during his investigation in August 2019 as well as some statements made in telephonic interviews of other defendants on the same days as the Harville and Baugh interviews (Brian Gilbert, Scott Fitzgerald (not charged), Stephanie Popp, Veronica Zea, Stephanie Stockwell). The USAO did not ask about the statements made by these other witnesses in any detail. The government's focus was on Baugh and Harville, and the accounts they gave in late August 2019 of their August 2019 harassment of the Steiners. These facts included, for example, Baugh's and Harville's then-immediate efforts to coordinate the false cover story among all the defendants involved about the harassment actions and the steps they took to hide

their actions. To the best of my recollection, the USAO did not ask Mr. Vonsover about any statements by Devin Wenig, Steve Wymer, or Wendy Jones.

16.     In March 2021, I, along with a lawyer from eBay, met with the USAO to discuss the question of eBay's potential criminal liability.  During that meeting we discussed the Department of Justice's principles of federal prosecution applicable to corporations, including the factors set forth in the Department of Justice Manual applicable to consideration of corporate criminal liability.  I showed a PowerPoint deck during the meeting, which set forth information relevant to how the DOJ factors applied to eBay.  That PowerPoint presentation was not represented to be, nor was it intended to be, subject to either the attorney client privilege or work product doctrine.

17.     All information that I provided to the government was subject to the understanding that eBay was not waiving any applicable attorney-client privilege or work product protection.  The government attorneys responsible for the USAO Investigation said to me multiple times that the only information they sought were non-privileged facts regarding the harassment of the Steiners and that the government was not asking eBay to waive the attorney client privilege or work product protection.

18.     I have reviewed the Rule 17 subpoena request for a "final report" on the Internal Investigation. I did not prepare any document that I would characterize as a final report. I did not prepare any written report of the investigation.  I made oral reports to the company without any handouts, PowerPoints or other writings, and in certain instances, I prepared updates reporting the current status of the matter for the company, each of which was one or two pages long.  I did not at any time relay to the government any privileged communications outside or in-house counsel had with the eBay Board regarding the Internal Investigation.

6

I declare under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed, December 17, 2021, in the Commonwealth of Massachusetts, United States of America.

*/s/ Andrew C. Phelan*
Andrew C. Phelan, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*

Jack. W. Pirozzolo