# EXHIBIT 5



SIDLEY AUSTIN LLP
60 STATE STREET
36TH FLOOR
BOSTON, MA 02109
+1 617 223 0300
+1 617 223 0301 FAX                    +1 617 223 0304
                                       JPIROZZOLO@SIDLEY.COM


AMERICA  •  ASIA PACIFIC  •  EUROPE

November 22, 2021

**By Email**

William W. Fick
Daniel N. Marx
Amy Barsky
Fick & Marx LLP
24 Federal Street, 4th Flr.
Boston, MA 02110
wfick@fickmarx.com
dmarx@fickmarx.com
abarsky@fickmarx.com

Re:   _United States v. Baugh et al._, 20-cr-10263

Dear Counsel:

This letter is in furtherance of our ongoing meet and confer process regarding the Fed. R. Crim. P. 17(c) subpoena that you issued to our client, eBay Inc. ("eBay"), on October 1, 2021 (the "Subpoena"). We have outlined below (i) the efforts that eBay has undertaken to narrow the issues in dispute and (ii) the items we raised in our most recent November 18, 2021 meet and confer call, which you agreed to consider.

## I.     eBay's Efforts to Narrow Issues in Dispute[1]

Since service of the Subpoena, eBay has undertaken significant efforts to review its records, to provide you with information, and to confer with you, in an effort to narrow the areas of disagreement between the parties. As you are aware, we first conferred regarding the Subpoena via telephone conference on October 7, 2021. We next conferred on October 14, 2021, and then again on October 18, 2021. On October 18, 2021, we agreed that, without waiver of any objections or challenges to the Subpoena, in order to provide you with additional information regarding the universe of documents potentially responsive to the Subpoena, eBay would undertake to prepare and produce a log of potentially responsive documents that are privileged or otherwise protected from disclosure. We anticipated that the provision of a privilege log would narrow the areas of disagreement between the parties and allow for more efficient briefing of and decision on the remaining issues. We also agreed to modify the briefing

---

[1] We note that Morgan, Lewis & Bockius LLP has taken similar steps as those described herein with respect to the subpoena separately issued to it.

Sidley Austin (NE) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

schedule for motions to quash to allow for the time necessary to prepare, review, and discuss the privilege logs and to allow for the submission of briefing on any areas that remain in dispute. The Court subsequently granted our joint motion to modify the briefing schedule and eBay's motion to quash the Subpoena is due by December 8, 2021.

Over the last several weeks, eBay has undertaken the substantial burden of reviewing documents that may be responsive to the Subpoena requests and creating privilege logs describing potentially responsive documents that are attorney-client privileged and/or work product protected, identified through reasonably diligent searches. During the course of eBay's preparation of these privilege logs, we proactively sought to come to an understanding with you regarding the scope of Request 6 of the Subpoena and applicable search terms, as discussed further below. *See* Ex. A, *October 27-28, 2021 Emails.*

On November 8, 2021, eBay produced an Initial Privilege Log to you consisting of entries reflecting 237 attorney-client privileged and/or attorney work product protected documents that are potentially responsive to Request Nos. 1, 2, 3, 4, and 6 of the Subpoena. On November 15, 2021, eBay produced a Supplemental Privilege Log to you, consisting of entries reflecting 423 attorney-client privileged and/or attorney work product protected documents that are potentially responsive to Request Nos. 1, 2, 4, and 6 of the Subpoena. During this time period, we conferred on several occasions about Request No. 5 and, specifically, what you intended to capture in the request for "forensic analyses of alleged falsification or destruction of evidence by Baugh and/or other eBay employees or contractors." In an effort to facilitate our discussions concerning the universe of documents potentially responsive to Request No. 5, on November 16, 2021, eBay provided to you two documents that eBay had previously produced to the United States Attorney's Office ("USAO") in October 2019 and that eBay understands were subsequently produced to you by the USAO.[2] Ex. B, *November 16, 2021 Email (without attachments).*

---

[2] As we have previously noted, eBay provided its privilege logs with a full reservation of rights—not waiving and expressly preserving all objections and challenges to the subpoenas issued to it and to Morgan, Lewis & Bockius LLP; reserving all rights to file a motion to quash the subpoenas or to seek other protections; and noting that the inclusion of any document or information on the logs shall not operate as an admission that the document or information is properly within the scope of the Subpoena. Further, we have explained that eBay identified items for logging after conducting reasonably diligent searches and reviews; that the provision of its privilege logs, or any failure or purported failure to list a document or information on the logs, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding; and that eBay reserves the right to assert privilege or other protections over material or information in connection with this or any other proceeding. eBay continues to reserve all such rights.

# SIDLEY

Page 3

## II.     Items Discussed During November 18, 2021 Meet and Confer

Upon provision of eBay's privilege logs, we reached out to schedule a further call and, on November 18, 2021, we held a further meet and confer via telephone conference.  During this meet and confer, we discussed each of the requests, the information that eBay has provided via its privilege logs and otherwise, and any continued areas of disagreement.  Below is a brief summary of the items that we raised and the points you indicated you would consider and as to which you agreed to provide a response.

With respect to Request No. 1, we raised for you the three documents that are logged on eBay's privilege logs in response to this request.  We highlighted that these three documents are from September 2020, approximately one year from the events forming the basis for the charges against your client, and thus outside the scope of what may be relevant.  These documents include a report by Guidepost Solutions described at log entry number 238, which, in addition to being from 2020, is largely forward-looking.  We reiterated that these presentations are subject to the attorney client privilege and attorney work product protection.  We also discussed a PowerPoint presentation that was presented by eBay's counsel to the USAO in March 2021.  We described the presentation to you and offered to provide the portions of the presentation that refer to your client in exchange for your compromise on this and other requests, notwithstanding eBay's objections to production on *Nixon* grounds.  You stated that you would consider this proposal and would provide eBay with a response.

With respect to Request No. 2, we explained that eBay had logged several documents potentially responsive to this request and that those materials are subject to both the attorney-client privilege and work product protections.  We asked whether there was any time limit on Request No. 2, and you responded that because you believed the subject matter of that request was core to your case, the request did not include a time limit.  You indicated that you would consider whether a time restriction could be imposed on Request No. 2, and that you would provide a response to this question as well.

With respect to Request No. 3, we described the notes of interviews with your client and notes of the discussion with your client's counsel that were included on eBay's privilege logs as potentially responsive to this request.  We explained that these documents were privileged and appropriately logged, but that eBay would be willing to discuss the production of these documents insofar as production could be made in a manner that would not trigger any waiver of privilege including with respect to third parties, e.g., as part of an agreement/court order.  You indicated that you would be willing to accommodate this proposal under "reasonable conditions."

With respect to Request No. 4, we explained that eBay had logged potentially responsive documents falling roughly into three broad categories: interviews conducted in 2019, interviews conducted in 2020, and interviews conducted in 2020 as part of the Guidepost engagement.  We

# SIDLEY

Page 4

emphasized eBay's position that all of these materials are attorney-client privileged and work product protected and subject to additional objections including on *Nixon* grounds.  We propose a compromise by which eBay would provide you with relevant interview notes from 2019 (such as notes of the other charged individuals) under an agreement and with sufficient protection that there be no waiver of privilege including with respect to third parties, and in exchange for your willingness to limit the scope of certain other requests, including Request Nos. 1 and 2.  We ask that you let us know if you are willing to discuss this proposal.

With respect to Request No. 5, as noted above, we have not had clarity on what records you are seeking by your request for "forensic analyses of alleged falsification or destruction of evidence by Baugh and/or other eBay employees or contractors" or what you may be seeking beyond that which the government has already produced to you.  From the outset, we have explained that there are no "forensic analyses" of the alleged deletion of material from Baugh's or others' phones as the request may be read.  In an effort to clarify what you may be seeking, we produced to you on November 16, 2021 two documents that we understand were already in your possession as a result of the government's earlier production of those documents to you; these are indicative of the types of documents that were created as part of the analysis of phones during the initial investigation.  Ex. B, *November 16, 2021 Email (without attachments)*.  You indicated that you have now been able to locate much of what eBay produced to the government within the material produced by the government to you.   Our understanding is that the USAO has already produced to you a list of mobile phones that eBay imaged in 2019 as part of its internal investigation.  Nevertheless, to facilitate your consideration of this matter, eBay has reproduced that list to you.  Ex. C, *November 22, 2021 Email (without attachment)*.  As explained, in providing the list, eBay is not making any representation that those devices or any reports generated therefrom constitute "forensic analyses of alleged falsification or destruction of evidence by Baugh and/or other eBay employees or contractors."  Further, as explained, if eBay were to produce any reports reflecting the content of any of those phones, the reports would need to be reviewed for relevance and privilege at a substantial burden to eBay.  You stated that you may be willing to compromise regarding the burden, but that you would need to review the list of phones.[3]

With respect to Request No. 6, we explained the significant efforts that eBay has undertaken—well beyond what would be required in response to the Subpoena—to conduct searches and to review and log privileged/protected documents through application of the parameters and search terms contained in my October 27, 2021 email to you (Ex. A).[4]  You

---

[3] eBay has undertaken further preservation efforts and by providing this information, eBay makes no representation that this constitutes the full universe of devices collected or imaged by eBay.

[4] With respect to Request No. 6, eBay applied the parameters and the terms numbered one through eleven in my October 27, 2021 email to you against relevant custodians' email files to gather a universe of potentially responsive documents for review for possible responsiveness and privilege/protection.  Please note that eBay did not undertake the burden of reviewing other communications beyond email for responsiveness or privilege in response to this

# SIDLEY

Page 5

questioned to what extent there is responsive, non-privileged material.  We explained that there may be a small population of potentially responsive, non-privileged material within the searches that were conducted, but that eBay would assert objections to the Subpoena on the grounds that the request does not satisfy the standards for Rule 17(c) subpoenas.

In closing the meet and confer, we emphasized the urgent need for eBay to receive your responses to the various matters discussed above in order for eBay to prepare its motion to quash briefing.  You indicated that you understood this timeline, and that you would provide answers to the various issues discussed above by November 19, 2021 or November 22, 2021 at the latest.  We look forward to hearing from you.

Very truly yours,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo

cc:     Kathryn L. Alessi, Esq.
        Scott T. Nonaka, Esq.
        Daniel J. Feith, Esq.
        Seth Kosto, Esq.
        Nathan Andrisani, Esq.

---

request.  With respect to communications concerning Jesse Cohn and Elliott Management, you declined to provide search terms to help eliminate unresponsive documents.  Notwithstanding this, eBay developed and applied the following list of search terms against the Cohn/Elliot email hits in an effort to identify any documents potentially responsive to the type of "threat" described in your October 28 email to us: surveil*, device, sweep*, detect*, bug*, eavesdrop*, threat*, and reputation*.  Application of these search terms did not yield documents that appear to be of the type described in your October 28 email to us.  Ex. A.