# EXHIBIT 17

| From: | Pirozzolo, Jack |
|---|---|
| To: | William Fick; Daniel Marx |
| Cc: | Alessi, Kathryn L.; Nonaka, Scott; Domina, Drew A.; Feith, Daniel J.; Kosto, Seth (USAMA); Daniel K. Gelb [GELB & GELB LLP]; Andrisani, Nathan J.; Klayman, Matthew D. |
| Subject: | RE: US v. Baugh, 20-cr-10263 |
| Date: | Wednesday, December 15, 2021 4:35:58 PM |
| Attachments: | image003.png |
| | image001.png |

Bill, Dan:

Thank you for your December 8 emails.  Below is a summary of our understanding as to each subpoena request.  Please let us know if you disagree on any of the points below.  Please note that eBay's agreement to provide the documents specified below is subject to the parties' reaching agreement on, and the court entering, a mutually acceptable protective order, and the additional conditions noted below.  Further, eBay continues to reserve all rights to file a motion to quash the subpoenas or to seek other protections, on all available grounds (including privilege, work product and *Nixon* grounds), and intends to file such motion as to those items that remain in dispute.  For the avoidance of doubt, eBay continues to claim privilege and work production protections with respect to the documents that it has identified and logged as potentially responsive to the subpoena after a reasonably diligent search and as to additional documents insofar as any are hereafter identified, as well as all applicable privileges and protections over the documents included on the log or logs provided to you by Morgan Lewis.

In view of the upcoming motion deadline, we will understand that you agree with the points outlined below if we do not hear from you by noon on Thursday, December 16.

- **Request 1:**  The Request does not define the term "final report."  We have identified four documents that are potentially responsive to Request No. 1 as broadly worded, although they likely do not constitute a final investigation report in the sense you may have intended.   We have agreed to exclude the September 2020 Guidepost report from the scope of this request.  We would be willing to provide you with the March 2021 PowerPoint that Andy Phelan presented to the USAO, in exchange for your agreement that this production would satisfy eBay's response to Request No. 1.  You have continued to demand production of the two remaining documents.  These documents, which were prepared by eBay's legal department approximately one year after the 2019 Natick events and the executive summary version of which we understand was presented by in-house counsel to the CEO, are clearly privileged and work product.  eBay continues to maintain its privilege and work product claims and *Nixon* and other objections and we do not have agreement on this Request.

- **Request 2:** You have agreed to limit the scope of this request to 2019, but you did not agree to limit production to non-privileged Board minutes, which eBay has offered as a compromise without conceding that such materials are properly the subject of the subpoenas.  On timing, eBay agrees that materials outside of 2019 are not in scope, but does not concede that all of 2019 is an appropriate time period.  As noted above, eBay preserves all objections and claims on all grounds.

**Request 3:** We agreed that eBay would provide you with sets of notes from 4 interviews of your client in August 2019, and sets of notes from 2 calls with your client's former attorney in September 2019 (for clarity, we note that these were logged as responsive to Request 4). These are to be provided subject to your agreement that eBay's production of these documents to your client does not constitute any waiver of the attorney client privilege or attorney work product protections, including with respect to third parties, and that production will be made with sufficient protection so as not to trigger any waiver of privilege, i.e., as part of a court order providing such protection.  On this basis, we understand we have agreement on this Request.

- **Request 4:** As to time period, you have agreed to limit this request to interviews conducted during the key investigation period of 2019.  You have agreed to exclude from the scope of this request notes of the interviews conducted in 2020 after the criminal charges were made public, and interviews conducted by Guidepost in 2020.  You did not agree to further limit the set of 2019 interviews at issue.  In a further effort to reach compromise, subject to the same conditions outlined for Request 3, and in exchange for your agreement that this production satisfies eBay's response to Request No. 4, eBay is willing to provide notes/memoranda of those interviews that contained statements of interviewees that eBay's counsel disclosed to the government, even where the disclosures did not relay the contents of the interview in substantial part.  This set is comprised of certain late August 2019 interviews by eBay of Baugh, Harville, Wymer, Gilbert, Fitzgerald, Zea, Stockwell, and Popp.  In the event you do not agree, we will understand that we do not have agreement with respect to this request other than with respect to the date narrowing.  As noted above, eBay preserves all objections and claims on all grounds.

- **Request 5:** We agreed that the scope of this request would be limited to the UFED report for your client's eBay-issued phone.  eBay will provide you with the UFED report for that phone, subject to eBay's review and redaction of the report for information as to which it claims privilege/protection, and further subject to the Court's order that the production does not trigger any waiver of privilege.  We also confirm, as per your request, that eBay will cooperate to help authenticate certain communications that you identify in eBay's productions to the government, as needed.  On this basis, we understand we have agreement on this Request (and we also confirm the prior point that eBay and Morgan Lewis have not undertaken the burden of logging any privileged/protected documents potentially responsive to this Request, but preserve all claims of privilege/protection).

- **Request 6:**  We continue to have disagreement on this Request, including on privilege, work product and *Nixon* grounds, and note the following:

  - *Date Range*:  You agreed originally to limit this request to 2019—and then later agreed to limit to January through September 2019—communications that are from one of the listed custodians and that are to/cc/bcc any other listed custodian.  You did not agree to further limit the date range.  For avoidance of doubt, we do not agree that the date range should be as long as January-September 2019.

*Subject Matter*:  Although you have indicated that you are not interested in every email hitting on the subjects listed in the request, we have not been able to come to agreement on parameters to refine this request by subject matter.  As laid out in our correspondence, given the descriptions in your October 28 and December 8 emails to us as to the type of documents you are seeking concerning Jesse Cohn and Elliott Management in particular, eBay undertook to run targeted searches across the Cohn/Elliott email hits to identify any such documents.  Based on these searches, eBay did not identify documents that appear to be of the type described in your October 28 email and, as such, eBay has not undertaken the burden to log all privileged/protected emails "concerning" Jesse Cohn and Elliott Management.  eBay expressly preserves all privileges and protections with respect to all documents potentially responsive to the Subpoenas, whether logged or not.

- *Privileged Communications*:  Finally, regardless of whether the parties could reach agreement to narrow the scope of this request, we understand that Mr. Baugh's position is that he is entitled to privileged communications falling within the scope of this request.  To be clear, eBay continues to assert attorney client privilege and work product protections as applicable with respect to any and all documents falling within this request.  Further, as noted in prior correspondence, eBay's privilege log reflects those items it identified as potentially responsive to this request after a reasonably diligent search of email communications involving the 11 custodians identified in the request.  eBay has not undertaken the additional burden of searching or logging communications beyond email for responsiveness or privilege in response to this request, but expressly preserves all claims of privilege and protection with respect to all potentially responsive communications.

I have added Morgan Lewis and Dan Gelb to this email chain so they have the latest as to the remaining disputes over the subpoenas.

Although we remain open to discussing the outstanding areas of dispute, we plan to file our motion to quash based on what we have set forth above as to those areas.  Feel free to let us know if you wish to discuss anything further.

Regards,
**JACK W. PIROZZOLO**


**SIDLEY AUSTIN LLP**
+1 617 223 0304
jpirozzolo@sidley.com