# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>    Defendants. | Criminal No. 20-CR-10263-PBS<br><br>HEARING SCHEDULED FOR:<br>January 28, 2022 |

## MEMORANDUM IN SUPPORT OF MORGAN, LEWIS & BOCKIUS LLP'S MOTION TO QUASH RULE 17(C) SUBPOENA

Jonathan M. Albano (BBO #013850)
 jonathan.albano@morganlewis.com
Emma D. Hall (BBO #687947)
 emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

Nathan J. Andrisani (*pro hac vice*)
 nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

*Counsel for Morgan, Lewis & Bockius LLP*

Intervenor Morgan, Lewis & Bockius LLP ("Morgan Lewis") respectfully moves to quash the subpoena issued to it by Defendant Jim Baugh ("Baugh").

The subpoena to Morgan Lewis should be quashed for all of the reasons set forth in the Memorandum in Support of eBay Inc.'s Motion to Quash Rule 17(c) Subpoenas Issued to eBay Inc. and Morgan, Lewis & Bockius LLP ("eBay's Memorandum"). For efficiencies, Morgan Lewis will not repeat in full the arguments and evidence set forth in eBay's Memorandum. Morgan Lewis hereby incorporates by reference, adopts, and joins all of the arguments set forth in eBay's Memorandum (which explains in detail why the subpoenas to Morgan Lewis and eBay should be quashed) and all of the exhibits to eBay's Memorandum, including the Declaration of Andrew C. Phelan, Esq., and the parties' respective privilege logs (which provide ample grounds for quashing the subpoenas to Morgan Lewis and eBay).

As explained in the eBay Memorandum, virtually all of the documents responsive to the Outstanding Requests (as that term is defined in eBay's Memorandum) are protected by the attorney-client privilege and/or the work product doctrine. *See* eBay Mem. at Arg. I.A. The privilege logs prepared by eBay and Morgan Lewis, as well as the declaration of Mr. Phelan, describe in detail how and why those protections apply, and Baugh has not disputed (and cannot dispute) that those protections apply. *See id.* Baugh argues instead that his constitutional rights overcome those protections, but that is contrary to binding Supreme Court precedent holding that the attorney-client privilege analysis does not change in the criminal context and that an after-the-fact balancing of interests would undermine the very purpose of the privilege. *See id.* at Arg. I.B (discussing *Swidler & Berlin v. United States*, 524 U.S. 399 (1998)). Nor did eBay's limited disclosures of certain information to the government constitute a broad waiver that would require

1

the production of the wide-ranging materials sought by the Outstanding Requests. *See id.* at Arg. I.C.

Moreover, the Outstanding Requests fall far short of satisfying the requirements for Rule 17(c) subpoenas set forth in *United States v. Nixon*, 418 U.S. 683 (1974). *See* eBay Mem. at Arg. II. Under *Nixon*, it is Baugh's burden to establish that his subpoena seeks specific materials that are both relevant and admissible in his case. 418 U.S. at 700. Baugh has not carried that burden. He can only speculate that somewhere within the broad categories of documents potentially responsive to the Outstanding Requests there may be some unspecified information that could be relevant and perhaps admissible. That is not enough to justify a Rule 17(c) subpoena and avoid quashal. *See United States v. Gikas*, 112 F.R.D. 198, 200–01 (D. Mass. 1986) (refusing to issue Rule 17(c) subpoena because of the defendant's failure to satisfy the *Nixon* standard).

Morgan Lewis moves separately to underscore the importance of the work product doctrine in this context. "Obviously, a client may invoke the work product doctrine, if it applies, but given that it seeks in part to protect attorneys' interest in their own intellectual product, many courts have held that an attorney can invoke the doctrine, at least when her interests are not adverse to her client's." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 145 (D. Mass. 2004); *see id.* at 146 (citing cases); *see also In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 853 (D. Mass. 1995) (Saris, J.) ("[T]he work product doctrine may be asserted by either the client or the attorney."). The work product doctrine is "partially independent of the client's and the legal system's interests" because it serves the "need to protect the privacy of the attorney's mental processes." *In re Grand Jury Subpoena*, 220 F.R.D. at 142 (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). A lawyer's interest in work product protection can even survive waiver by a client. *See Catino v. Travelers Ins. Co., Inc.*, 136 F.R.D. 534, 539 (D. Mass. 1991) ("The fact that the client waives the

privilege does not mean that protection is lost; the attorney may contest disclosure even in the face of a client's waiver.").

The work product doctrine "reflects the strong 'public policy underlying the orderly prosecution and defense of legal claims.'" *United States v. Nobles*, 422 U.S. 225, 236–37 (1975) (quoting *Hickman*, 329 U.S. at 510). It preserves a "zone of privacy," *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. at 853 (Saris, J.), in which an attorney can "work for the advancement of justice while faithfully protecting the rightful interests of [her] clients," *Hickman*, 329 U.S. at 510. *See also United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (explaining that the work production allows a party and its attorney to prepare for litigation "free from unnecessary intrusion by [its] adversaries"); *In re Grand Jury Subpoena*, 220 F.R.D. at 142 (noting that the work product doctrine protects "the careful assembly, sifting, and organization of facts and ideas [that] is a necessary part of making our adversary system of justice work"). Failure to protect attorney work product from discovery would result in "[i]nefficiency, unfairness, and sharp practices" in the provision of legal advice and in preparation for trial. *In re Grand Jury Subpoena*, 220 F.R.D. at 145 (quoting *Hickman*, 329 U.S. at 511). "Our adversarial system of justice cannot function properly unless an attorney is given a zone of privacy within which to prepare the client's case and plan strategy, without undue interference." *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. at 853 (Saris, J.) (quoting *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014 (1st Cir. 1988)).

The protections afforded by law to Morgan Lewis (and its client eBay) that safeguard the mental impressions of counsel are squarely implicated here. The subpoena to Morgan Lewis seeks notes and memoranda containing the thoughts and mental impressions of Morgan Lewis attorneys. Baugh's general claim that attorney work product protections must give way because of

unsupported speculation that something in counsel's files may be relevant to his legal defense to the criminal charges against him and could possibly be admissible at trial is not enough to set aside the foundation on which the legal profession and the attorney-client relationship are built. Even if Baugh had satisfied the *Nixon* standard—to be clear, he has not—the importance of protecting the internal files of Morgan Lewis attorneys and preventing disclosure of the legal ideas and strategies reflected therein weighs heavily in favor of quashal.

For the reasons set forth herein and in eBay's Memorandum, the Court should quash the subpoena issued to Morgan Lewis.

Dated: December 17, 2021                                   Respectfully submitted,

*/s/ Nathan J. Andrisani*
Nathan J. Andrisani (*pro hac vice*)
  nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Jonathan M. Albano (BBO #013850)
  jonathan.albano@morganlewis.com
Emma D. Hall (BBO #687947)
  emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

*Counsel for Morgan, Lewis & Bockius LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Nathan J. Andrisani*
Nathan J. Andrisani