# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM BAUGH, *et al*. | No.  20-cr-10263-PBS |

**REPLY IN SUPPORT OF
DEFENDANT JIM BAUGH'S MOTION TO DISMISS
COUNTS X, XI, XIII, AND XIV OF THE INDICTMENT**

William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Dated: January 27, 2022

**TABLE OF CONTENTS**

Introduction ................................................................................................................................. 1

Argument .................................................................................................................................... 2

I. Counts X and XI should be dismissed because the Indictment fails to allege that Baugh acted with the specific intent to "hinder, delay, or prevent" communication to any federal official, or that when he supposedly lied to a local detective and eBay investigator, it was "reasonably likely" that any federal investigation would occur. ....................................... 2

 A. The Indictment fails to allege that Baugh engaged in "misleading conduct" with the specific intent to "hinder, delay, or prevent" communication of any information. 2

 B. The Indictment fails to allege that any federal investigation was "reasonably likely" to occur and, thus, that Baugh tampered with a "federal" witness. ........................ 3

II. Count XIII should be dismissed because the Indictment fails to allege that Baugh, or anyone else acting at his direction, created a "false" document. ........................................ 5

III. Counts XI, XIII, and XIV should be dismissed for lack of venue, because the Indictment alleges that Baugh lied to an eBay investigator and destroyed eBay documents while in California. ............................................................................................................................ 8

 A. Documents that Baugh allegedly destroyed in California ...................................... 9

 B. False statement that Baugh allegedly made in California ..................................... 10

Conclusion ............................................................................................................................... 12

Certificate of Service ............................................................................................................... 12

**INTRODUCTION**

The prosecution argues Counts 11 and 12 properly allege "tampering" in violation of 18 U.S.C. § 1512(b)(3), because the Indictment claims Defendant Jim Baugh engaged in "misleading conduct" by lying to a Natick Police Department detective and an eBay investigator. D.E. 124 ("Opp.") 13-19. But § 1512(b)(3) has both conduct and intent elements, and the Indictment fails to allege that Baugh lied to a detective or investigator with the specific intent "to prevent, hinder, or delay" any communication to a federal official. Because the Indictment does not charge Baugh with trying to stop anyone from talking to a federal agent, it fails to allege the intent element of § 1512(b)(3). Nor does it allege that, at the time when Baugh supposedly lied, it was "reasonably likely" that a local police matter would evolve into a federal cyberstalking investigation.

The prosecution also argues Count 13 properly alleges "obstruction" in violation of 18 U.S.C. § 1519 because the Indictment claims that Baugh "falsified" a document, namely "Bay Area POIs_August 2009.docx." Opp. 22-28. Like § 1512(b)(3), however, 18 U.S.C. § 1519 has both conduct and intent elements. Although the Indictment states that Baugh intended to use the "persons of interest" list to mislead local police, it fails to allege that he – or anyone else acting at his direction – created a false document or inserted any false entry into a document. Put simply, it does not say that anything in "Bay Area POIs_August 2009.docx" was inaccurate. Because the Indictment only accuses Baugh of using a true document for a misleading purpose, not creating a false document in the first place, it fails to allege the conduct element of § 1519.

Finally, regarding venue, the prosecution cites § 1512(i), an inapplicable venue provision that applies only to charges of obstructing "official proceedings"; relies on out-of-circuit authority that the First Circuit has expressly rejected, *see United States v. Salinas*, 373 F.3d 161 (1st Cir. 2004) (rejecting *United States v. Angotti*, 105 F.3d 539, 542 (9th Cir. 1997)); and erroneously argues that venue is appropriate because Baugh "intended" to impede an investigation in

1

Massachusetts. Opp. 28-39. Under applicable law, venue turns on conduct, not intent. *See United States v. Seward*, 967 F.3d 57 (1st Cir. 2020). Baugh has a constitutional right to answer criminal charges in the district where his alleged criminal conduct occurred. For the charges that Baugh lied to an eBay investigator or destroyed eBay documents at the company's headquarters in San Jose, the proper venue is California, not Massachusetts.

## ARGUMENT

I.  **Counts X and XI should be dismissed because the Indictment fails to allege that Baugh acted with the specific intent to "hinder, delay, or prevent" communication to any federal official, or that when he supposedly lied to a local detective and eBay investigator, it was "reasonably likely" that any federal investigation would occur.**

   A.  **The Indictment fails to allege that Baugh engaged in "misleading conduct" with the specific intent to "hinder, delay, or prevent" communication of any information.**

The prosecution muddles the conduct and intent elements of 18 U.S.C. § 1512(b)(3), focusing on the former but disregarding the latter, which the Indictment fails to allege. To commit federal witness tampering, a person must engage in proscribed activity, such as "misleading conduct," with the specific intent "to hinder, delay, or prevent the communication . . . of information." While making false statements might constitute "misleading conduct," it only violates § 1512(b)(3) if the statements were intended to prevent communication. Absent that specific intent, "telling tales" to federal investigators, or witnesses who might later talk to them, might implicate 18 U.S.C. § 1001, but it does not violate § 1512.

Here, the Indictment alleges that Baugh engaged in "misleading conduct" by lying to a NPD detective and eBay investigator, but it fails to allege, or include any facts that permit a reasonable inference, that Baugh acted with the specific intent "to prevent, hinder, or delay" any communication by those potential witnesses to federal investigators. To the contrary, and as the Opposition implicitly concedes, the prosecution's theory is that Baugh wanted the detective and

2

investigator to pass along his alleged false statements to others, including potential federal agents – that is, to *cause* communications rather than hinder, delay, or prevent them.

While killing (or threatening to kill) a witness to silence him or her is the paradigmatic example of federal witness tampering, it is easy to imagine "misleading conduct" that would also fall within the limited scope of § 1512(b)(3). For example, if a defendant lied to a would-be grand jury witness, giving the witness the wrong date, time, or address for his appearance, with the specific intent "to prevent" the witness from testifying, that would constitute misleading conduct intended to prevent the communication of information by a witness in a federal investigation in violation of § 1512(b)(3). But that is not what the Indictment alleges Baugh did.

Neither *United States v. Bailey*, 405 F.3d 102 (1st Cir. 2005), nor *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998), held otherwise. In those cases, the defendants did not make this same argument about the specific intent element of § 1512(b)(3), and the decisions did not address it. The courts focused on other issues, such as whether the prosecution adequately established any federal nexus. Regardless, whatever the facts of those cases, the language of the statute is clear: witness tampering requires a specific intent to "tamper" with – meaning silence – a witness. In this case, the Indictment does not allege that Baugh lied to a NPD detective, eBay investigator, or anyone else *to prevent* any communication, and the only reasonable reading of the Indictment is that Baugh had the opposite purpose.

> **B.    The Indictment fails to allege that any federal investigation was "reasonably likely" to occur and, thus, that Baugh tampered with a "federal" witness.**

Although the likelihood of a federal investigation is typically a sufficiency concern, as the prosecution observes, Opp. 14-15 (citing sufficiency cases), the same issue can also be a pleading problem. The prosecution concedes that a "federal nexus" is an element of § 1512(b)(3), and "under the *Fowler* standard," it requires that communications to a federal officer be "reasonably

3

likely." Opp. 14-15 (citing, *inter alia*, *United States v. Weadick*, 15 F.4th 1 (1st Cir. 2021), and *United States v. Byrne*, 435 F.3d 16 (1st Cir. 2006)). But, here, the Indictment against Baugh fails to allege that, when he supposedly lied to a NPD detective or eBay investigator, a federal investigation was "reasonably likely," nor does the Indictment include facts from which that inference could be reasonably drawn.

The Opposition cites *United States v. Moore*, No. 20-cr-19, 2021 U.S. Dist. LEXIS 115167 (E.D. Wis. Apr. 27, 2021), and *United States v. Hamilton*, No. 1:15-cr-0240-TBD, 2016 U.S. Dist. LEXIS 56713, at *9-10 (N.D. Ga. Apr. 28, 2016), but neither case helps the prosecution. *Moore* involved charges of tampering with an "official proceeding" in violation of § 1512(b)(1). The court ruled that, because § 1515 defines "official proceeding" to mean "federal proceeding," *id.* at *10, the Indictment did not need to spell out "official *federal* proceeding." *Id.* at *6 (affirming "the sensible principle that an indictment need not set forth everything that's defined in the statute"). This case, in contrast, involves charges under § 1512(b)(3), so the irrelevant definition of "official proceeding" cannot fix the defective indictment.[1] *Hamilton* is also distinguishable. Like *United States v. Bailey*, 405 F.3d 102 (1st Cir. 2005), it involved excessive force allegations by inmates against guards. In that situation, a federal investigation is reasonably likely, if not all-but certain, to occur. *See id.* at *8 (citing *United States v. Hunt*, 526 F.3d 738, 742 (11th Cir. 2008) (noting defendant police officer knew "the federal government would investigate and prosecute civil rights violations such as willful uses of excessive force")). The same is not true, however, for allegations of stalking or harassment among private citizens.

---

[1] This case more closely resembles *United States v. Grills*, No. 18-cr-228 (E.D. Wis.), which *Moore* distinguishes but the prosecution overlooks. In *Grills*, the defendant – like Baugh – was charged under § 1512(b)(3), and the judge granted his motion to dismiss the tampering charge because the indictment failed to allege interference with a *federal* investigation. *See id.*, D.E. #39, attached as Ex. A. The same result should obtain here for the same reason.

4

The pleading problem is not merely semantic. The prosecution did not simply forget the word "federal" in the phrase "federal investigation" Instead, the Indictment fails to include factual allegations to establish that, at the time when Baugh supposedly engaged in misleading conduct, a federal investigation was "reasonably likely" in these unusual circumstances. The contention that Baugh "knew that NPD was investigating," Opp. 21, gave him no reason to think the FBI might conduct its own investigation.

If the prosecution were correct, and the Indictment in this case were sufficient, there would be no limit to the potential reach of § 1512(b)(3). According to the prosecution, every time that any person engages in harassment across state lines, whether by phone, email, text, or an unwanted delivery, the possibility of a federal investigation is not "remote, outlandish, or simply hypothetical." Opp. 14 (quoting *Fowler v. United States*, 563 U.S. 668, 678 (2011)). That sweeping interpretation, which provides no meaningful limiting principle for federal jurisdiction, would dramatically expand the *federal* witness tampering statute to include countless crimes that have been traditionally addressed by state and local law enforcement officials.

**II.     Count XIII should be dismissed because the Indictment fails to allege that Baugh, or anyone else acting at his direction, created a "false" document.**

Regarding 18 U.S.C. § 1519, the prosecution again muddles the conduct and intent elements, but this time, it over-emphasizes the latter and fails to consider the former, which the Indictment also fails to allege. Opp. 25-27. To unlawfully obstruct a federal investigation, a person must engage in proscribed conduct – specifically, "altering, destroying, mutilating, concealing, covering up, falsifying or making a false entry in any record, document or tangible object," with the specific intent "to impede, obstruct, or influence" the investigation. Shredding incriminating documents might constitute "destroying . . . any record," but it only violates § 1519 if done in order to impede an investigation.

The problem with Count XIII, the obstruction charge related to the creation of "Bay Area POIs_August 2019.docx," is that the Indictment fails to allege that, whatever his intent, Baugh engaged in conduct within the scope of § 1519. Even assuming, as the prosecution argues, that Baugh intended to mislead an NPD detective (Baugh has pleaded not guilty to all charges), he did not "alter, destroy, mutilate, conceal, cover up, falsify, or make any false entry" in any document. Absent such conduct, no amount of nefarious intent amounts to federal obstruction. That was the bottom line in *Yates v. United States*, 574 U.S. 528 (2015); even though the defendant admittedly threw his undersized catch back in the ocean with the specific intent to obstruct a federal investigation into his violation of fishing regulations, he did not destroy "documents, records, or tangible objects" and, thus, did not violate § 1519.

Here, the prosecution asserts that Baugh "falsified" the eBay document, titled "Bay Area POIs_August 2019.docx," Opp. 26, but the Indictment fails to allege that the document, or any entry in it, was false, inaccurate, or untrue. The Indictment asserts only that Baugh intended to use the "persons of interest" list for a misleading purpose. In other words, the alleged falsehood was not in the document itself, but supposedly in Baugh's head. And using a true document for a misleading purpose does not constitute "falsifying" a document.

*United States v. Rowland*, 826 F.3d 100 (2d Cir. 2016), which the prosecution cites, Opp. 26, involved a different argument than the one Baugh advances here. Rowland was convicted of "falsifying" two contracts. On appeal, he argued that, for the purpose of § 1519, "'falsify' means only to tamper with a preexisting document, not to create a new document from whole cloth." *Id.* at 107-08. Rejecting his argument, the Second Circuit held "someone 'falsifies' a document when he creates a document that misrepresents the truth." *Id.* at 108; *see United States v. Gonzalez*, 906 F.3d 784, 795 (9th Cir. 2018) (following *Rowland* and rejecting same argument that § 1519 is

6

limited to altering preexisting documents). The two contracts at issue were "falsified" in the sense that they "misrepresented the truth": to avoid FEC reporting requirements, Rowland drafted contracts to pretend that he provided business consulting advice to companies and charities when, in fact, he gave only political consulting advice to campaigns. In short, the contracts themselves were inaccurate documents, not accurate ones that Rowland used for some misleading purpose.

In *Rowland*, the Second Circuit explained:

> [T]he broad language of § 1519 encompasses the creation of documents—like the contracts at issue—that misrepresent the true nature of the parties' negotiations, when the documents are created in order to frustrate a possible future government investigation.

826 F.3d at 105. That concise summary captures both elements of § 1519: falsifying a document that "misrepresent[s]" the true facts and acting with the specific intent "to frustrate" a federal investigation. Regarding the conduct element, courts recognize that "investigations can be obstructed just as readily by *creating false documents* as by altering documents that already exist." *Gonzalez*, 906 F.3d at 795 (emphasis added). Here, however, the Indictment alleges only that Baugh intended to use "Bay Area POIs_August 2019.docx" to mislead the local police, but not that he – or anyone acting at his direction – "falsified" that document to misrepresent any true facts about eBay's list of "persons of interest."

To the extent that the prosecution contends that *United States v. Norman*, 87 F. Supp. 3d 737 (E.D. Pa. 2015), held that creating a true document for a false purpose violates § 1519, because it constitutes "covering up" or "concealing," Opp. 27, the decision says no such thing. In *Norman*, the defendant was convicted, as part of a large RICO prosecution, of "falsifying records in a federal investigation" because he took nearly $4,000 from a driver during a traffic stop but wrote an inaccurate police report that "falsely stated that no cash had been seized." *Id.* at 742. On appeal, the defendant argued his omission of true facts did not constitute a "false entry" in his report. The

court rejected that argument, ruling § 1519 "is concerned with any intentionally deceptive behavior," including material omissions, "regarding records, documents, and objects." *Id.* at 745. In this case, Baugh is not accused of omitting anyone or anything from the "POIs" list. Nor does the Indictment allege any "deception" in the contents of that document itself. As the statutory language makes clear, the relevant conduct, whether covering up, concealing, destroying, or falsifying, must relate to "records, documents, or tangible things," not more generally to criminal activity, such as stalking, that a person aims to keep secret or hide from federal investigators. Put another way, covering up or concealing the contents of a document could violate § 1519, but using a true document to cover up or conceal a crime would not.

Not surprisingly, in trying to stretch § 1519 to cover the creation of true documents for false purposes, the prosecution also cites the stray reference in the legislative history to "fabrication." Opp. 26-27. But the prosecution ignores all Baugh's arguments on that very point, including that the unambiguous language of the statute includes "alter, destroy, conceal" and other verbs, but *not* include "fabricate." Mem. 13 (predicting, accurately as it turns out, that "the prosecution may point to the legislative history").

**III.  Counts XI, XIII, and XIV should be dismissed for lack of venue, because the Indictment alleges that Baugh lied to an eBay investigator and destroyed eBay documents while in California.**

Perhaps sensing that its choice of venue is vulnerable to challenge, the prosecution insists that there is no unfairness in trying Baugh in Massachusetts because he traveled here and committed at least some crimes in this district. Opp. 39. That "no harm, no foul" approach ignores both the venue rule's constitutional basis and the First Circuit's holding that it must be applied charge by charge. Baugh may be prosecuted in this Court for the charged stalking offenses, but the government may not "haul" him across the country to face obstruction charges, based on alleged conduct that occurred exclusively in California.

8

### A. Documents that Baugh allegedly destroyed in California

In arguing that Baugh can be prosecuted in Massachusetts for allegedly destroying records in California, the prosecution relies principally on *United States v. Mixon*, No. 14-cr-0631-TUC-JGZ (LAB), 2015 U.S. Dist. LEXIS 139058, at *4-6 (D. Ariz. June 9, 2015), a short, unpublished report and recommendation that concluded venue was proper in Arizona because the defendant signed false interrogatories responses *in Arizona*, even though her attorneys prepared the document in Washington, D.C., and the BOP received them in Georgia. In this case, the same analysis – finding venue where the essential conduct occurred – points to venue in California, not Massachusetts, for the § 1519 charges against Baugh.

Disregarding the actual holding of *Mixon*, the prosecution points to *dicta* that making false statements was a "continuing offense" that could have been prosecuted in Arizona, Georgia, or Washington, D.C. Opp. 38. In making that suggestion, *Mixon* relied on *United States v. Angotti*, 105 F.3d 539, 542 (9th Cir. 1997), which the First Circuit has expressly "declined to follow":

> *Angotti* is of dubious precedential value even in the circuit of its birth. *See United States v. Marsh*, 144 F.3d 1229, 1242 (9th Cir. 1998) (limiting *Angotti*). Furthermore, . . . the case was decided prior to the Supreme Court's clarification of anent venue in [*United States v.*] *Rodriguez-Moreno*[, 526 U.S. 275 (1999)] and [*United States v.*] *Cabrales*[, 524 U.S. 1 (1998)]. We believe *Angotti* is inconsistent with those decisions, and we find its reasoning unpersuasive. Accordingly, we decline to follow it.

*Salinas*, 373 F.3d at 168.

Moreover, *Salinas* leaves no doubt that that, based on its "essential conduct elements," § 1519 is a "point-in-time offense, not a continuing offense." 373 F.3d at 165 (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)). The crime is complete when the charged records are allegedly destroyed with intent to obstruct an investigation, and in this case, that supposedly took place in California, not Massachusetts.

9

B.       **False statement that Baugh allegedly made in California**

Regarding the false statements that Baugh allegedly made to an eBay investigator in California, the prosecution erroneously argues that the specific venue provision in § 1512(i) applies here (it doesn't, because this case does not involve an "official proceeding") and that Baugh's alleged intent to obstruct an investigation in Massachusetts establishes venue (it doesn't, because venue is based on conduct, not intent).

The prosecution incorrectly asserts the FBI investigation in this district was an "official proceeding" for the purpose of the specific venue provision in § 1512(i). In support of that claim, the prosecution cites *United States v. Gonzalez*, 922 F.2d 1044 (2d Cir. 1991), a 30-year-old Second Circuit decision that interpreted "official proceeding" to include "criminal investigation." Notably, the First Circuit has never cited *Gonzalez* or held that a criminal investigation constitutes an official proceeding for the purpose of § 1512. In fact, in a slightly different context, the First Circuit has suggested that § 1512(i) does not apply to § 1512(b)(3). *See United States v. Bailey*, 405 F.3d 102 (1st Cir. 2005) (holding § 1512(f)(1), which refers to "official proceedings," does not apply to charges under § 1512(b)(3)). The rationale of *Gonzalez* (*i.e.*, that "§ 1512([i]) provides for venue in the place where the act was intended to have an effect") also conflicts with *United States v. Seward*, 967 F.3d 57, 60 (1st Cir. 2020), and *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004), which held that venue analysis turns what a defendant is alleged to have done, not what he may have intended.

More recent cases – none of which the Opposition discusses – have widely rejected *Gonzalez*. *See, e.g.*, *United States v. Ermoian*, 752 F.3d 894, 901-02 & n.5 (9th Cir. 2013) (holding "official proceeding" does not include "criminal investigation" by law enforcement agency), and *United States v. Ramos*, 537 F.3d 439, 460-64 & n.17 (5th Cir. 2008) (same); *see also United States v. McDaniel*, No. 2:13-cr-0015-RWS-JCF, 2013 U.S. Dist. LEXIS 187658, at *31-37 (N.D.

Ga. Oct. 1, 2013) (collecting cases, rejecting *Gonzalez*, and ruling "the weight of contrary out-of-circuit authority . . . provides persuasive support for concluding that an FBI investigation is not an 'official proceeding'"). For example, in *United States v. Binnette*, 828 F. Supp. 2d 402 (D. Mass. 2011), the court ruled an agency investigation was not an official proceeding, followed *Ramos* (which it "found persuasive"), and rejected pre-Enron cases, such as *Gonzalez* and *United States v. Kelley*, 36 F.3d 1118, 1128 (D.C. Cir. 1994), that reached contrary conclusions based on an earlier version of the statute. Thus, because the § 1512 charges in this case involve an FBI investigation, not any "official proceeding," the specific venue provision of § 1512(i) does not apply, and this Court must apply the general venue rules.

Turning to those general rules, the prosecution insists that it can proceed with its § 1512(b)(3) charges, because Baugh intended "to prevent information about the conspiracy from getting to Massachusetts investigators." Opp. 32. In support of that mistaken notion, the prosecution relies on *United States v. Salman*, No. 6:17-cr-18, 2017 U.S. Dist. LEXIS 111235 (M.D. Fla. July 18, 2017), a poorly reasoned decision that expressly rejected *United States v. Salinas*, 373 F.3d 161 (1st Cir. 2004), a binding precedential decision. This Court cannot and should not following *Salman*, which erred in ruling that § 1519 is a "continuing offense" because its intent element may implicate communications that are transmitted to any number of federal districts.[2] According to *Salinas*, an alleged violation of § 1519 is complete when – and *where* – the false statement is made with the requisite intent.

As noted above, venue analysis turns on "'the conduct comprising the offense.'" *Seward*, 967 F.3d at 60 (1st Cir. 2020) (quoting *Salinas*, 373 F.3d at 164). An alleged intent to affect

---

[2] In reaching its flawed result, *Salman* relied on *United States v. Angotti*, 105 F.3d 539 (9th Cir. 1997), which as discussed above, the First Circuit has also rejected. *See Salinas*, 373 F.3d at 168.

11

investigators (or anything else) in Massachusetts cannot establish venue for the purpose of § 1512(b)(3), a "point-in-time offense" which is complete when the alleged false statement is made with the aim to prevent any communication to a federal investigator. Here, that conduct supposedly happened in California, not Massachusetts. The prosecution is patently incorrect when it asserts: "Massachusetts is accordingly a district in which *the conduct* constituting the alleged offense occurred." Opp. 33.

## CONCLUSION

For the foregoing reasons, Defendant Jim Baugh respectfully requests that this Court dismiss Counts X, XI, XIII, and XIV of the Indictment.

Respectfully submitted,

**JIM BAUGH**

by his attorneys,

/s/ Daniel N. Marx
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2022.

/s/ Daniel N. Marx

12