# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                                                            **Case No. 18-CR-228**

**WAYNE D. GRILLS,**

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS COUNT FOUR

On June 9, 2018, the police arrested Wayne D. Grills inside his garage for allegedly kidnapping his ex-girlfriend, A.L.K., from her home in Greendale, Wisconsin, and driving her to his residence in Melrose Park, Illinois. After Mr. Grills was removed from the scene, the police located a firearm A.L.K. said Grills used during the kidnapping and had her hide inside his backyard doghouse. A few months later, Mr. Grills was indicted in federal court for kidnapping A.L.K., sexually assaulting A.L.K. while traveling across state lines, unlawfully possessing a firearm, and attempting to persuade A.L.K. to recant her statement and drop the charges. *See* Indictment, ECF No. 1.

Mr. Grills has moved to dismiss the victim-tampering count, arguing that the Indictment fails to allege an essential element of the offense. *See* Defendant's

Motion to Dismiss Count Four, ECF No. 18; Defendant's Omnibus Reply in Support of Pretrial Motions at 16–18, ECF No. 24. Count Four charges Mr. Grills with violating 18 U.S.C. § 1512(b)(3). *See* Indictment at 4. That statute provides that,

> [w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . . shall be fined under this title or imprisoned not more than 20 years, or both.

§ 1512(b)(3). Count Four of the Indictment tracks the language of § 1512(b)(3), except it doesn't contain the phrase "of the United States." *See* Indictment at 4. Mr. Grills maintains that this omission is fatal because the statute requires that he act with the intent "to interfere with a communication to a *federal* law enforcement officer or judge." Def.'s Mot. at 1 (emphasis added). According to the government, including the words "of the United States" is not necessary to allege a violation of the federal victim-tampering statute. *See* Government's Response to Defendant's Motion to Dismiss Count Four, ECF No. 19.

An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To be legally sufficient, an indictment "must identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011) (citing *Hamling v. United States* 418 U.S. 87, 117–18 (1974); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991)). "In setting

2

forth the offense, it is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citing *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981)).

"To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009)). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Vaughn*, 722 F.3d at 925 (quoting *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003)). In assessing the sufficiency of an indictment, courts are to review the document in its entirety, giving it a "practical," rather than a "hypertechnical," reading. *Smith*, 230 F.3d at 305 (citing *United States v. McNeese*, 901 F.2d 585, 602 (7th Cir. 1990)).

The phrase "of the United States" establishes the federal nexus for the victim-tampering statute and, therefore, is an essential element of a § 1512 prosecution. *See Fowler v. United States*, 563 U.S. 668, 670 (2011) (holding that "the Government must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer"); *United States v. Snyder*, 865 F.3d 490, 496 (7th Cir. 2017) ("By specifying officer 'of the United States,'

3

§ 1512 requires showing a reasonable likelihood that the victim would have communicated with a *federal officer*, not a state or local officer."); Pattern Criminal Jury Instructions of the Seventh Circuit (2012 ed.) (identifying the third element as: "The defendant acted with the intent to hinder, delay or prevent the communication of information to [a law enforcement officer of the United States or judge of the United States]").

Count Four of the Indictment does not allege that Mr. Grills intended to interfere with a communication to a federal law enforcement officer. Nor does it substantially state this element in any other form. *See United States v. Weatherspoon*, 581 F.2d 595, 600 (7th Cir. 1978) (citations and quotation marks omitted) ("[I]n determining whether an essential element of the crime has been omitted from the charge, courts will not insist that any particular word or phrase . . . be used. The element may be alleged in any form which substantially states it.").

According to the government, "the witness tampering statute does not require the Government to establish the defendant's state of mind as it relates to the existence of a Federal proceeding or the fact that a law enforcement officer is in fact a Federal officer." Govt's Resp. at 3 (citing 18 U.S.C. § 1512(g)). That is an accurate recitation of the law. But § 1512(g) does not absolve the government from establishing the jurisdictional element altogether. Likewise, the jurisdictional nexus is still an element of the offense, even though it demands a lower burden of proof (*reasonable likelihood*) than traditional elements (*beyond a reasonable doubt*).

Because the Indictment fails to identify all the elements necessary to constitute a violation of § 1512(b)(3), the Court will recommend that Mr. Grills's motion to dismiss Count Four be granted.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count Four, ECF No. 18, be **GRANTED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2019.

BY THE COURT:

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge