UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>    Defendants. | Criminal No. 20-CR-10263-PBS |

## [PROPOSED] AGREED UPON ORDER OF CONFIDENTIALITY AND NON-WAIVER CONCERNING MATERIALS TO BE PRODUCED TO DEFENDANT BAUGH

Defendant Jim Baugh ("Defendant") and Intervenors eBay Inc. ("eBay") and Morgan Lewis & Bockius LLP ("Morgan Lewis," and together with eBay, "Intervenors") hereby agree that the information and material to be produced by Intervenors to the Defendant in connection with this matter (the "Production Material") shall be governed by this Agreed Upon Order ("Order"), subject to amendment by further agreement of Intervenors and the Defendant or by order of the Court. Accordingly, the Defendant and Intervenors agree as follows:

1. Intervenors contend that certain of the Production Material may contain sensitive personal information, information that is trade secret, commercially sensitive, highly confidential and/or protected by the work product doctrine or the attorney-client privilege and that would in the ordinary course be treated as confidential and not disclosed to third parties. Intervenor(s) may designate such materials as confidential by placing or affixing the word "Confidential" on such materials (the "Confidential Material");

2. The Production Material shall be used solely in connection with the preparation and litigation of the Defendant's legal defense in this case, including, for the avoidance of doubt, in connection with any further motion practice related to Defendant's Fed. R. Crim. P. 17(c) subpoenas to the Intervenors, and shall not be copied, disseminated or in any way disclosed to

anyone outside the Defense Team (as defined *infra*) except as expressly provided for herein or by further order of the Court;

3. The Defendant's Defense Team (defined as attorneys of record and their employees or contractors/agents/vendors) may take reasonable steps necessary to load the Production Material onto secure servers (in-house or provided by third-party vendors) or networks or password-protected encrypted electronic drives from which the Defense Team and the Defendant may access, review, download, print and copy the Production Material;

4. The Defendant and the Defense Team may access and review the Production Material on the secure servers or networks or hard drives as well as in hard copy form where needed;

5. The Defendant may maintain one physical and/or electronic copy of the Production Material, and Defense Team members and Defendant may exchange the Production Material via email;

6. The Defense Team may disclose or provide access to the Production Material and/or information contained in the Production Material to expert witnesses retained by the Defense Team, or summary witnesses, in connection with the preparation and litigation of the legal defense in this case, provided that such individuals are not permitted to retain physical copies of the Production Material after their case-related responsibilities conclude absent further order of this Court;

7. The Defense Team may email or electronically share Production Material with expert witnesses retained by the Defense Team, or summary witnesses, in connection with the preparation and litigation of the legal defense in this case, but shall ensure that the Production Material is transmitted securely and encrypted with a password for the intended recipient and

that such recipients delete the Production Material after use as directed by the Defense Team. All individuals who receive an electronic copy of the Production Material must provide written confirmation to Intervenors via the Defense Team, that all copies have been permanently deleted;

8.  The Defense Team may show, but not provide copies of, Production Material that is not designated "Confidential" to any fact witness or any attorney for a fact witness. While the Defense Team may not provide access to, or copies of, any Confidential Material to any fact witnesses or any attorney for a fact witness, the Defense Team may disclose information derived from the Confidential Material to a fact witness or an attorney for a fact witness. Any disclosures made under this paragraph shall be subject to the provisions of Paragraph 9;

9.  All persons, including the employees, contractors, agents, and/or vendors of Defendants' Defense Team, who are provided access to or copies of the Production Material or access to information contained in or derived from the Production Material in connection with the preparation and defense of this matter shall be advised of the privacy and confidentiality of such information and their obligation not to disclose the information except as permitted by this Order, and defense counsel of record shall require such persons outside the Defense Team to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information;

10. Defendant's Defense Team may share and discuss the Production Material with Co-Defendant Harville and his Defense Team (all such individuals and parties, a "Receiving Party"), subject to their written agreement to abide by the terms of this Order;

11. No person who accesses or receives information contained in the Production Material from the Defendant's counsel of record is permitted to further disseminate or further disclose any such information, other than as permitted by this Order;

12. The Defendant's counsel of record shall maintain this Order in their files until the conclusion of the litigation, including all appeals;

13. If Defendant contends that any material designated as "Confidential" is not entitled to confidential treatment, Defendant may at any time give written notice to Intervenor(s) requesting Intervenor(s) withdraw the designation over such information and the parties shall promptly meet and confer in an effort to resolve any such dispute. Should Intervenor(s) decline to withdraw the designation within ten (10) days of receiving such notice, Defendant shall have the right to file a motion applying for an order that such material is not entitled to confidential treatment, sealing any portion of the motion that refers to the material designated as "Confidential." Defendant may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the material designated as "Confidential" in the motion. Intervenor(s) shall have the opportunity to oppose Defendant's motion and shall have the burden of justifying the continued "Confidential" designation of the material. Unless and until an order is entered to the contrary, the material shall be treated as "Confidential" pursuant to this Order;

14. Except as otherwise ordered by the Court, any party wishing to disclose material designated as "Confidential," or any portion thereof, in any pretrial pleading or pretrial hearing shall notify Intervenor(s) at least 96 hours prior to disclosing such material in the public record in order to give Intervenor(s) an opportunity to be heard by the Court. Within 48 hours of receiving such notice, Intervenor(s) may move the Court for leave to have the material designated as "Confidential" filed under seal pursuant to Local Rule 7.2. In the event it is not feasible for Defendant to provide Intervenors with 96 hours' notice, Defendant may file the material designated as "Confidential" provisionally under seal; Intervenor(s) shall have the burden of

justifying the continued sealing of the material through a supplemental filing with the Court as necessary. Unless and until the Court has ruled on such a motion, no party may disclose the material designated as "Confidential," or any portion thereof, in the public record. Nothing herein shall preclude a party from filing a pleading, brief, or exhibit that attaches or recites verbatim from such "Confidential" material under seal;

15. Any inadvertently omitted "Confidential" designation may be corrected by written notification to counsel of record for Defendant so long as the correction is made promptly after discovery of the omission;

16. At the conclusion of this litigation, including all appeals, all individuals referenced in this Order who have received the Production Material or information derived therefrom, not to include attorney work product incorporating information from the Production Material, shall destroy such material or information. If any information or materials are not returned to Intervenors, counsel of record for the Defendant shall provide written confirmation to the Intervenors that such materials or information have been destroyed and that no other copies have been retained;

17. Any production or disclosure made pursuant to the subpoenas shall not, in and of itself, constitute a waiver of any applicable attorney-client privilege or work-product protection in this case or in any other federal or state proceeding;

18. Nothing in this Order shall be construed to prohibit the Defense Team from providing the Production Material to the Government as required by reciprocal discovery rules or practices or pursuant to a court order. Nothing in this Order is intended to prohibit or limit the Government in discharging its discovery obligations;

19. Upon notification from Intervenor(s) that material covered by the attorney client privilege or work product protection has been inadvertently produced, the Receiving Party will (a) promptly return all copies of the inadvertently produced material in its possession; (b) delete any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any third parties, including experts; (d) destroy any notes that reveal the substance of the inadvertently produced material; and (e) make no use of the inadvertently produced material;

20. Upon receipt of notice from Intervenor(s) pursuant to paragraph 19, the Receiving Party may contest the privilege or work product designation by Intervenor(s), and shall have the right to apply for an order that such material is not protected from disclosure by any privilege, law, or doctrine. The Receiving Party may not, however, assert as a ground for such motion the fact or circumstances of the production or reveal the protected contents of the material;

21. eBay shall retain such returned material until the termination of this matter;

22. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit Intervenors' right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production; and

23. Nothing contained in this Order will preclude Defendant or Intervenors from applying to the Court for further relief or for modification of any provision hereof.

Dated: February 4, 2022

/s/ William W. Fick
William W. Fick, Esquire
BBO # 650562
Daniel N. Marx, Esquire
BBO# 674523
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Tel. (857) 321-8360
wfick@fickmarx.com

*Counsel for Jim Baugh*

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

*Counsel for eBay Inc.*

/s/ Jonathan M. Albano
Jonathan M. Albano (BBO #013850)
Emma D. Hall (BBO #687947)
jonathan.albano@morganlewis.com
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax:    617-951-8736

Nathan J. Andrisani (*pro hac vice*)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Dated: 2/8/2022

IT IS SO ORDERED:

/s/ Patti B. Saris

(However, this agreement does not bind the court to the extent it finds information is not confidential.)

/s/ Patti B. Saris

7