# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>Defendants. | Criminal No. 20-CR-10263-PBS |

## SUPPLEMENTAL DECLARATION OF ANDREW C. PHELAN, ESQ.

I, Andrew C. Phelan, Esq., hereby depose and say as follows:

1.  I submit this supplemental declaration pursuant to the Court's January 28, 2022 order requiring eBay, Inc. ("eBay") and Morgan, Lewis & Bockius LLP ("Morgan Lewis") to produce a declaration to the Court regarding witness interviews and disclosures to the Government made during the course of the eBay and Morgan Lewis investigation into the conduct of Jim Baugh ("Baugh") and others.  (Dkt. 170).  In its Order, the Court requested to see "declarations from Morgan Lewis and eBay about exactly what was disclosed about the people whose statements [eBay] is withholding." Dkt. 180 at 92-93.

2.  My original declaration in this case was filed December 17, 2021 (Dkt. 139) and contains facts about my role in the investigation concerning this matter.

3.  My statements here are based on my personal knowledge and are true to the best of my knowledge, information, and belief after the review I describe below and as of the date I sign this declaration.

4.  I was the principal lawyer for eBay who had substantive communications with the Government regarding its investigation beginning in September 2019. Three other lawyers also had direct contact about the investigation with the Government on behalf of eBay as follows.

1

Bryan Connor, an associate at Morgan Lewis who worked with me, had communications with the Government between 2019 and August 2021, primarily by email. I do not recall his communications ever involving the substance of witness statements. Amir Vonsover, an in-house eBay lawyer, was interviewed by the Government on February 23, 2021 about the substance of certain interviews he conducted during eBay's Internal Investigation. I was present for his interview by the Government. eBay's Chief Compliance Officer, Molly Finn, participated in the March 16, 2021 presentation that I made to the Government on behalf of eBay but made no disclosures as to any witness statement.

5.      After the Court's January 28, 2022 hearing, I reviewed records to identify the communications I had with the Government, including notes and emails from the electronic searches that Morgan Lewis performed to identify email communications between the Government on the one hand and me and/or Bryan Connor on the other. In my review, I sought to identify all material communications with the Government and, from those, identify all instances in which I did disclose, or might have disclosed, any substance from witness interviews.

6.      For this review, and consistent with the Court's direction, I interpreted the term "substance" broadly to mean not just formal quotes or verbatim readouts, but any communication in which I did convey, or may have conveyed, the gist of what a witness said in an interview, in whole or in part. I sought to identify instances "not limited to just whether there was a verbal download" but, more broadly, any instance in which I "told them in sum and substance what somebody said." *See* Dkt 180 at 93. This interpretation of "substance" is broader than in my earlier declaration, where I focused on the specific Government requests for the substance of eBay's interviews of defendants Baugh and Harville and of Steve Wymer and where I gave a

verbal download directly from the written notes of their interviews. The disclosures captured by this broader scope are detailed below.

7.   I communicated with the Government about the investigation more than fifty times starting in September 2019, primarily by telephone and email, with one in-person meeting and several video calls. The volume of contacts reflected the extensiveness of eBay's cooperation with the Government, which began immediately upon eBay's learning from the Natick Police Department of defendants' actions against the Steiners. eBay's cooperation included providing the government with facts from its internal investigation, thousands of pages of documents, and responses to numerous Government requests for information. Most communications involved no discussion of witness substance. I identify below, to the best of my recollection those instances in which I disclosed, or even might have disclosed, the substance of what a witness said. Most frequently, these substantive disclosures concerned facts relevant to the defendants' concealing and destroying evidence, creating and altering documents, and attempting to mislead the eBay investigators and the Natick Police Department. I never provided copies of any memoranda or notes of any interview and only read to the Government from the written eBay witness statements of three individuals: Jim Baugh, Dave Harville, and Steve Wymer.

8.   **September 16, 2019 Telephone Call with the Government.**  This was my first contact with the Boston U.S. Attorney's office. I told AUSA Amy Burkart during this call that eBay was in the midst of an internal investigation into allegations first brought to their attention by an inquiry just a few weeks prior by the Natick Police Department. I recall mentioning Jim Baugh's name, that there were other eBay employees involved, that eBay was concerned that

some of them may have taken steps to mislead and interfere with the police investigation, and that eBay intended to voluntarily report to the Government on these matters within about a week.

9. **September 24, 2019 Meeting with the Government.** This was my first substantive meeting with the Government. Bryan Connor and I attended for eBay with AUSAs Burkart and Seth Kosto attending for the Government. This meeting was a voluntary report by eBay and came less than a month after eBay first learned of criminal acts by defendants Baugh, Harville, and others. The facts reported here closely tracked those in the detailed FBI affidavit that the Government filed about nine months later in its public announcement of charges against Baugh, Harville, and others. At this meeting, I reported facts learned in the investigation as to the roles of direct participants in the conduct, namely, Jim Baugh, David Harville, Stephanie Popp, Veronica Zea, and Stephanie Stockwell. I also reported the apparent roles of Brian Gilbert and Scott Fitzgerald and the concern that one or both had sought to obstruct or mislead the Natick Police Department. This information derived from travel records, texts, and emails as well as from interviews either conducted by Mr. Vonsover as part of eBay's initial investigation or by me as outside counsel from Morgan Lewis. I am not certain that I disclosed the substance of any statement made by any of them but believe that I did disclose that they all concealed their actions from eBay and lied to eBay before, during, and after the events in Natick. I also believe that I disclosed at this meeting the statements made to me by eBay's former-CEO Devin Wenig and former Chief Communications Officer Steve Wymer to the effect that they claimed to be shocked when they learned of the Natick events and denied that they directed or intended from any of their communications before the Natick events for anyone to engage in criminal conduct.

10. **October 18, and October 30, 2019 Telephone Calls with the Government.** On October 18, 2019, I informed AUSA Kosto about two additional potentially relevant

witnesses for his investigation, Michelle Alford (Echeveria) and Eleanor Mount. I had learned of their identities shortly before the October 18 call.  Ms. Mount declined to be interviewed, so I could not have disclosed any substance as to her.  I recall disclosing that Alford reported that she had resigned rather than participate in Baugh's scheme and that Baugh fired Mount for refusing to participate. I spoke again by phone with AUSA Kosto on October 30. I do not recall making any further disclosure about Alford or Mount to him or whether he made some disclosure to me resulting from a Government interview.

11. **November 1, 2019 Telephone Call with the Government.**  In response to a question from AUSA Kosto, I told the Government that certain witnesses lied to or tried to mislead the company in their eBay interviews about their actions in Natick. I believe that I disclosed in this call Baugh's admission to Mr. Vonsover in his August 28, 2019 interview that he had lied to Mr. Vonsover in his earlier eBay interviews.

12. **March 12, 2020 Email to the Government.**  I emailed AUSA Kosto on this date that Harville's lawyer invoked the Fifth Amendment for Harville for virtually all questions asked during my interview of him. I do not recall revealing the substance of anything that Harville said during that September 13, 2019 interview.

13. **August 12, 2020 Telephone Call with the Government.**  In this call, I identified Meagan Barret to AUSAs Kosto and D'Addio as another potentially relevant witness that the Government might want to interview. I disclosed in this call information, likely from my and eBay's interviews with her, that she had been at an August 2019 planning meeting that Baugh had held for the Natick events, that she thereafter sought to avoid Baugh and involvement, that she denied other involvement, and that she only very recently reported any of this to eBay. This information was derived from interviews of her by eBay and me in March and July 2020.

5

14.     **September 24, 2020 Telephone Call with the Government.**  I disclosed to AUSA Kosto that Baugh and Harville had lied to Mr. Vonsover in their eBay interviews with him.

15.     **October 2, 2020 Telephone Call with the Government.**  I told AUSA Kosto that eBay would make Mr. Vonsover available for an interview with the Government regarding his interviews of Baugh and Harville as well as to facts that Mr. Vonsover could provide as a percipient witness to the interviews.

16.     **October 13, 2020 Telephone Call with the Government.**  During this call, I read to the Government, including AUSA Kosto and an FBI agent, directly from the typed notes of Mr. Vonsover's 2019 interviews of: (a) Jim Baugh on August 23 (2 interviews), August 27, and August 28; and (b) Dave Harville on August 23, August 26, and August 27.

17.      **October 16, 2020 Telephone Call with the Government.**  During this call, I read to AUSA Kosto and an FBI Agent directly from the typed notes of Mr. Vonsover's 2019 interviews of Steve Wymer on August 27 and 28.

18.     **February 23, 2021 USAO Interview of Amir Vonsover.**  I attended the Government interview of Mr. Vonsover by AUSA Kosto and an FBI agent. During that interview, Mr. Vonsover principally answered questions regarding his interviews of Baugh and Harville but also was asked, and answered, questions about some of the substance of his interviews of  Brian Gilbert, Scott Fitzgerald, Stephanie Popp, Veronica Zea, and Stephanie Stockwell. My records do not reflect, and I do not recall, Mr. Vonsover providing the substance of any other witness statement.

19.     **March 16, 2021 Presentation to the Government.**  I and eBay's Chief Compliance Officer, Ms. Finn, met by videoconference with several AUSAs, including Mr.

6

Kosto. During that meeting, I presented a PowerPoint deck that focused on the Department of Justice's principles of federal prosecution applicable to corporations, including the factors set forth in the Department of Justice Manual applicable to consideration of corporate criminal liability. The PowerPoint included factual findings from the Internal Investigation. It also stated that the investigation had not uncovered evidence that either Wenig or Wymer had directed anyone to engage in the criminal actions in Natick or knew that those actions would occur.

20. Following the March 16, 2021, presentation I do not recall any further communications with the Government in which I disclosed the substance of any witness interview.

21. The communications referenced above indicate, to the best of my present recollection, all of the instances where I either did or might have disclosed the substance of witness interviews. If there is anything that might refresh my recollection as to any other such communications (if any), I will review them if brought to my attention.

22. To summarize the paragraphs above, to the best of my present recollection and on behalf of eBay, I did disclose, or may have disclosed, to the Government substance from witness statements of the following: Michelle Alford (Echeveria); Meagan Barret; Jim Baugh; Scott Fitzgerald; Brian Gilbert; David Harville; Stephanie Popp; Stephanie Stockwell; Devin Wenig; Steve Wymer; and Veronica Zea.

23. To the best of my present recollection, I did not disclose to the Government the substance of any witness statements from the following: Phil Cooke; Jose Gordon; Wendy Jones; Ryan Moore; and Julianne Whitelaw.

24. I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed, March 1, 2022, in the Commonwealth of Massachusetts, United States of America.

> */s/ Andrew C. Phelan*
> Andrew C. Phelan, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo