UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JIM BAUGH, et al.,<br><br>　　　　Defendants. | Criminal No. 20-CR-10263-PBS<br><br>**ORAL ARGUMENT REQUESTED** |

### JOINT MOTION FOR RELIEF FROM RULE 17(C) SUBPOENAS BY INTERVENORS EBAY, INC AND MORGAN, LEWIS & BOCKIUS LLP

Intervenors eBay, Inc. ("eBay") and Morgan, Lewis & Bockius LLP ("Morgan Lewis") (together, "Intervenors") respectfully move this Court for a finding that the Fed. R. Crim. P. 17(c) subpoenas issued to Intervenors by Defendant Jim Baugh ("Baugh") (the "Subpoenas") are moot in light of Baugh's guilty plea in this matter, (Dkt. 201), and thereby cease any further proceedings in connection with the Subpoenas. Alternatively, should the Court be inclined to further consider the Subpoenas, Intervenors request the opportunity to be heard regarding their motions to quash the Subpoenas, as the relevant analysis for consideration of the Subpoenas has changed following Baugh's plea. As grounds for this motion, Intervenors state as follows:

　　1.　　On August 24, 2021, Baugh filed a motion to issue Rule 17(c) subpoenas to Intervenors. Dkt. 79. The Subpoenas sought documents that Baugh viewed as potentially relevant to the facts and underlying conduct charged in his indictment, as well as to potential defenses that he may have levied at trial against the charges he is facing. Dkt. 79; *see also* Dkt. 84 (Appeal of Magistrate Judge's Order); Dkt. 153 (Opposition to Motions to Quash). Indeed, Baugh has repeatedly asserted that it was his constitutional right to a fair trial that entitled him to the documents sought by the Subpoenas. *See Id.*

2. On October 1, 2021, this Court overruled the Magistrate Judge's denial of Baugh's initial motion and allowed the Subpoenas to issue. Dkts. 106, 108.

3. After the parties met and conferred regarding the scope of the Subpoenas, Intervenors filed motions to quash the Subpoenas on December 17, 2021. Dkts. 137, 141. Baugh filed a consolidated opposition to Intervenors' motions to quash on January 10, 2022 (Dkt. 153), and Intervenors filed replies in further support of their motions to quash on January 21, 2022. Dkts. 165, 166.

4. At a hearing on January 28, 2022 (the "January 28 Hearing"), the Court ordered Intervenors to produce certain agreed-upon materials to Baugh, (Dkt. 170), which Intervenors thereafter did on February 4, 2022. At the January 28 Hearing, the Court also ordered Intervenors to produce to the Court a declaration regarding witness interviews and disclosures made to the government, (*Id.*), which eBay thereafter did on March 1, 2022. Dkt. 186. At the January 28 Hearing, the Court also set a date of May 31, 2022 for Baugh's and his co-defendant, David Harville's ("Harville") jury trial. Dkt. 170.

5. At the January 28 Hearing, the Court further stated that with respect to the Subpoenas, the Court would withhold further rulings until a date closer to trial and that those rulings would necessarily turn on whether the outstanding documents sought by the Subpoenas became relevant and were admissible at the forthcoming jury trial. *See* Dkt. 180. As the Court stated during the January 28 Hearing, ruling on the issues raised with the Subpoenas and motions to quash at that time was "all very speculative right now," because "we're so far away from trial…." Dkt. 180 at 35. The Court further stated that it was "not going to review witness statements now because" it was not clear "yet [whether] they're admissible," but that the Court could "look at them [in camera] if anyone shows up on the witness list" at a date closer to trial.

Dkt. 180 at 92.  Defense Counsel for Baugh also further reiterated at the January 28 Hearing that the Subpoenas and "all this discovery litigation was geared toward a trial…."  Dkt. 180 at 103.

6. Thus, the Subpoenas themselves, and the documents they sought, were for the purposes of preparing Baugh's defense at trial, and the Court's withholding of rulings on certain outstanding issues related to the Subpoenas was conditioned on certain evidence becoming relevant or admissible at that upcoming trial.  *See e.g.,* Dkt. 180 at 92.

7. However, rather than proceeding to trial, on April 25, 2022, at a Rule 11 conference before this Court, Baugh pleaded guilty to Counts 1, 2, 3, 6, 7, 10, 11, 13, and 14 of his indictment.  Dkt. 201.  Baugh thus no longer has any need to prepare his defense at trial, and, accordingly, the basis upon which he is seeking the subpoenaed information, and the basis upon which the Court was considering whether and to what extent to grant that request, no longer exist.

8. Under these circumstances, the *pretrial* Subpoenas are mooted and can no longer be enforced.  *See, e.g.*, *United States v. Krane*, 625 F.3d 568, 573–74 (9th Cir. 2010) (vacating enforcement of *pretrial* Rule 17(c) subpoena to third party's law firm where defendants' guilty pleas were "intervening events" that rendered subpoena moot); *see also In re Steinberg*, 837 F.2d 527, 527 n. 1 (1st Cir. 1988) (noting that the conclusion of trial proceedings rendered the appeal from a contempt citation issued for failure to comply with a subpoena moot).  Here, as in *Krane*, Baugh's guilty plea is an "intervening event," which necessarily precludes the Court from assessing "the effectiveness of [] Rule 17 *pretrial* subpoena[s] . . . when there will be no trial."  *Krane*, 625 F.3d at 574 (emphasis in original) (citation omitted).  As such, the Subpoenas are moot, and any pending decisions related to enforcement of the Subpoenas should cease and not issue.

9.      Alternatively, to the extent that the Court is inclined to further consider the Subpoenas, Baugh should be required to articulate how the subpoenaed materials would be relevant to his sentencing. *See Krane*, 625 F.3d at 574 ("if a pre-sentencing subpoena is sought, the trial court must apply the *Nixon* factors in the specific context of sentencing"); *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981). Baugh's briefing asserted only relevance grounds related to his defense at trial, and at his plea hearing, Baugh offered only the conclusory assertion that the subpoenaed materials are relevant to his culpability. That is not enough. *See, e.g., United States v. Cheruvu*, No. 14-CR-130S, 2018 US DIST Lexis 197922, at *4 (W.D.N.Y. Nov. 20, 2018) (holding that a defendant's assertion that subpoenaed documents "may be relevant to his level of culpability" is "precisely the type of material that Rule 17 was designed to guard against"). Thus, even if the Subpoenas were not moot, the Court should require Baugh to establish the relevancy of the subpoenaed materials to his sentencing, and Intervenors should have an opportunity to respond.

10.     The fact that Harville is still scheduled to go to trial in May does not change the analysis. Although Harville joined in the arguments made by Baugh in opposition to Intervenors' motions to quash the Rule 17(c) Subpoenas, he did not serve a separate subpoena on either eBay or Morgan Lewis. Accordingly, Harville has no independent basis to enforce the Subpoenas.

11.     As of the time of this motion, counsel for eBay has not received a response from Baugh's counsel as to whether they oppose the motion. However, at the Rule 11 conference, Baugh's counsel stated that he intended to seek to enforce the Subpoenas, so Intervenors believe he opposes the motion. Counsel for eBay has conferred with counsel for Harville regarding this motion, who indicated that he opposed the relief requested herein.

WHEREFORE, Intervenors respectfully request that the Court find that the Subpoenas are moot in light of Baugh's guilty plea in this matter, and thereby cease any further proceedings in connection with the Subpoenas.  Alternatively, should the Court be inclined to further consider the Subpoenas, Intervenors request the opportunity to be heard regarding their motions to quash the Subpoenas, as the relevant analysis to be conducted by the Court has changed following Baugh's plea.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d) and to the extent it would aid the Court, Intervenors hereby request the opportunity to be heard regarding the relief requested herein.

Dated: April 27, 2022

Respectfully submitted,

*/s/ Nathan J. Andrisani*
Nathan J. Andrisani (*pro hac vice*)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Jonathan M. Albano (BBO #013850)
Emma D. Hall (BBO #687947)
jonathan.albano@morganlewis.com
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA  02110-1726
Phone: 617-951-8000
Fax:     617-951-8736

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (pro hac vice)
SIDLEY AUSTIN LLP
555 California St. Suite 2000
San Francisco, CA 94104
Tel. (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (pro hac vice)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

5

## LOCAL RULE 7.1(A)(2) CERTIFICATIONS

I, Jack W. Pirozzolo, counsel for eBay, hereby certify that, in accordance with Local Rule 7.1(A)(2), I have conferred with counsel for Harville, who indicated that he opposed the relief requested with this motion. I also attempted to confer with Baugh's counsel, but as of the date of this motion, had not heard from Baugh's counsel as to his position on the motion.

/s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo