```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF SOUTH DAKOTA

                         SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                   *
UNITED STATES OF AMERICA,          *     CR. 16-40082-KES
                                   *
       Plaintiff,                  *
                                   *   Sioux Falls, South Dakota
-vs-                               *
                                   *      March 22, 2017
EUGENE OGDEN,                      *
                                   *
       Defendant.                  *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

                      PUBLIC TRANSCRIPT OF
                           SENTENCING
          (PURSUANT TO STANDING ORDER 16-04, PORTIONS OF ALL
         CHANGE OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)

                BEFORE THE HONORABLE KAREN E. SCHREIER
                  UNITED STATES DISTRICT COURT JUDGE

                         * * * * * * * * *
```

APPEARANCES:

Counsel for Plaintiff:    MR. JEFFREY C. CLAPPER
                          Assistant United States Attorney
                          Post Office Box 2638
                          Sioux Falls, South Dakota 57101

Counsel for Defendant:    MS. AMANDA D. KIPPLEY
                          Assistant Federal Public Defender
                          200 West 10th Street, #200
                          Sioux Falls, South Dakota  57104

CONNIE HECKENLAIBLE, RPR

1                              **I N D E X**

2     MOTIONS:                                                        PAGE

3     COUNSELS' REMARKS AND THE COURT'S ANALYSIS AND
      RULINGS ON OBJECTIONS TO PSR. . . . . . . . . . . . . .         4-7
4
      GOVERNMENT'S MOTION TO SEAL EXHIBIT 1 . . . . . . . . .            8
5
      GOVERNMENT'S MOTION TO SUBMIT RESTITUTION REQUEST . . .           19
6
      STATEMENT BY THE VICTIM TO THE COURT. . . . . . . . . .        20-23
7     STATEMENT BY AMANDA SIMEK TO THE COURT. . . . . . . . .        23-25

8     ARGUMENTS AS TO SENTENCING BY MS. KIPPLEY . . . . . . .        25-31
      DEFENDANT'S REMARKS TO THE COURT. . . . . . . . . . . .        31-35
9     ARGUMENT AS TO SENTENCING BY MR. CLAPPER. . . . . . . .        35-38

10    COURT'S ANALYSIS BEFORE IMPOSITION OF SENTENCE. . . . .        38-41

11    COURT SENTENCES DEFENDANT . . . . . . . . . . . . . . .        41-44

12    COURT ADVISES DEFENDANT OF APPEAL RIGHTS. . . . . . . .           44

13    WITNESSES:               EXAMINATION                            PAGE

14    For the Government:

15    Melissa Hill            Direct - Mr. Clapper                       9

16    EXHIBITS:                              Offered     Received

17    For the Government:

18    1 - Content of Craigslist Messages
          (SEALED)                              8            8
19

20

21

22

23

24

25

```
 1                      March 22, 2017
 2           (In open court at 9:04 a.m.)
 3           THE COURT:  This is the time scheduled for a sentencing
 4   in the matter entitled United States of America versus Eugene
 5   Ogden.
 6           Would counsel please note their appearances for the
 7   record.
 8           MR. CLAPPER:  Jeff Clapper on behalf of the United
 9   States.
10           MS. KIPPLEY:  Amanda Kippley representing the
11   Defendant, Mr. Eugene Ogden.
12           THE COURT:  And Ms. Kippley, did you have a chance to
13   review the Presentence Report with your client?
14           MS. KIPPLEY:  I did, your Honor.
15           THE COURT:  And there were objections.  The Government
16   had an objection -- had two objections and the report was
17   amended.
18           Does the Government have any further objections?
19           MR. CLAPPER:  No, your Honor.
20           THE COURT:  And then after the report was amended, Ms.
21   Kippley, did you have objections?
22           MS. KIPPLEY:  We did, your Honor.  We noted that
23   objection at the time when the Government objected that we did
24   not believe that the two-point increase for a pattern of
25   behavior was appropriate.  That was reflected in the Addendum
```

1  to the final PSR and that would still be the basis of our
2  objection to that two-point increase that ended up being
3  applied in the final version of the PSR.
4          THE COURT:  So I'll take up that objection now.  Do you
5  want to make any argument?
6          MS. KIPPLEY:  Yes, your Honor.
7          Your Honor, certainly we're not making a factual
8  argument in this case.  The facts are clear that there were
9  multiple advertisements, multiple postings that occurred.  What
10 we are saying in our objection though is that that -- those
11 multiple advertisements constitute the "course of conduct"
12 which is required by the statute to constitute stalking.
13         So stalking is not a singular event, neither in its
14 simple dictionary definition nor its statutory definition.  It
15 is a course of conduct by its very nature.  And so then when we
16 look at guideline 2A6.2, we see that it covers both stalking
17 and domestic violence.
18         And so the Sentencing Commission has said that base
19 offense level of 18 is appropriate for stalking.  Certainly,
20 there then becomes this question of a pattern of activity
21 involving stalking, threatening or harassing.  But our argument
22 would be that this is one incident of stalking.  This isn't a
23 time where months before there was a separate stalking
24 incident.  This is all one course of conduct.
25         And we believe that because that is the definition of

1   stalking, even by its statutory definition, that the Sentencing
2   Commission has thought about that and has said 18 is the
3   appropriate offense level.
4           Certainly, 2A6.2 encompasses a variety of behavior and
5   we understand that, however, when we look at the time line of
6   this offense, the number of postings all happened in a
7   relatively discrete period of time.  And yes, there's multiple
8   postings, but again, they are one incident of stalking and once
9   the police did intervene with Mr. Ogden, that ceased.
10          And so in light of that, in light of the language of
11  the guideline, in light of the definition of stalking, what Mr.
12  Ogden has pled guilty to, we don't believe that the two-point
13  enhancement for a pattern of activity should apply because we
14  believe it is already encompassed in the base offense level for
15  stalking itself.
16          Thank you, your Honor.
17          THE COURT:  Mr. Clapper.
18          MR. CLAPPER:  Well, your Honor, I'll rely on the
19  comments in the Addendum from the probation officer and refer
20  the Court to the Application Notes about the pattern of
21  activity.
22          It's clear that the Sentencing Commission contemplated
23  a pattern of activity enhancement to apply to a stalking even
24  though stalking requires more than one event.  They -- the
25  Sentencing Commission here defined pattern of activity to mean,

1   "any two or more separate instances of stalking, threatening,
2   harassing or assaulting the same victim, whether or not they
3   resulted in a conviction."  And then they give an example.
4           And here, we have a -- we certainly have a pattern of
5   activity that occurred between June 16 and July 24 and it
6   included these eight postings on Craigslist as part of that
7   activity.  So we would urge the Court to apply that
8   enhancement.
9           THE COURT:  I'm going to overrule the Defendant's
10  objection.  The conduct here involved posting of eight ads over
11  a period of time that exceeded one month.
12          From looking at guideline 2A6.2, reading Application
13  Note 1, it indicates that a two-level enhancement should apply
14  when there's a pattern of activity dealing with any combination
15  of two or more separate instances of stalking, threatening,
16  harassing or assaulting the same victim, whether or not such
17  conduct resulted in a conviction.
18          Here, there were eight separate posts so it meets that
19  definition.  And it appears to me that the Sentencing
20  Commission took this into consideration.  The application in
21  general determining the base offense applies to both stalking
22  or domestic violence, and the Commission was aware of that and
23  determined that the enhancement would apply if it's a pattern
24  of activity drawing a distinction between those categories.
25          Furthermore, it does not appear to be double counting

```
1    because throughout the guideline manual, if something that was
2    part of the specific offense characteristic was double counting
3    then the Application Notes would address that such as they did
4    in 2A3.1, 2A3.3, 3A1.3, 3C1.1, just to name some of them.
5    There wasn't any reference to that here.  So I think that the
6    Commission recognized that repeated course of conduct meant
7    that it was more serious and the two-level enhancement should
8    apply.
9            So the objection is overruled and the report as was
10   amended will remain in effect.
11           Anything else that I should rule on?
12           MR. CLAPPER:  No, your Honor.
13           MS. KIPPLEY:  No, your Honor.
14           THE COURT:  Based on my rulings, the total offense
15   level is a 17 and the Defendant's in Criminal History Category
16   I.
17           The advisory guideline range is 24 to 30 months
18   custody; supervised release is a period of one to three years;
19   the Defendant is not eligible for probation; the fine range is
20   $10,000 to $95,000; restitution is mandatory, but none has been
21   requested; and there's a $100 special assessment.
22           Counsel, do you both agree?
23           MR. CLAPPER:  Yes, your Honor.
24           MS. KIPPLEY:  Yes, your Honor.
25           MR. CLAPPER:  Your Honor, I would like to present the
```