UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM BAUGH<br><br>Defendant | 1:20-CR-10263-PBS |

## UNOPPOSED MOTION FOR CONTINUED SEALING

Pursuant to Local Rule 7.2(d), the United States respectfully requests that the Court keep

sealed on its docket in this matter Document 227-1 ("the Document"), until January 15, 2023, as

the government attempts to balance the presumptive right of public access to sentencing

materials involving defendant Baugh and national security interests implicated by the

defendant's reference in the Document to classified information.  Defendant Jim Baugh does not

oppose the relief sought in this motion.  As grounds for the motion, the United States submits:

1.      On September 29, 2022, the Court sentenced defendant Baugh to 57 months in

prison following his guilty plea to several federal crimes arising out of a harassment and

intimidation campaign targeting David and Ina Steiner, a Natick couple.  (Judgment, Docket No.

235).

2.      In connection with his sentencing, defendant Baugh filed on the public docket a

sentencing memorandum (Docket No. 227) and several letters in support, including the

Document (Docket Nos. 227-1 et seq.).

3.      Upon reviewing the Document, the government determined that portions of it

contained classified information.  A Department of Justice Classified Information Security

Officer contacted the Court the day after the sentencing, which resulted in the Document being temporarily sealed and removed from the Court's docket.  It remains sealed today.  Defendant Baugh's sentencing memorandum (Docket No. 227) and the rest of the letters he filed are available to the public.

4.      The Document, however, was also included in a filing in a civil case involving David and Ina Steiner (who are plaintiffs in that case), defendant Baugh, and other individuals and entities connected with the harassment and intimidation campaign.  *See Ina Steiner et al. v. eBay Inc. et al.*, 21-cv-11181 (DPW), Docket No. 161, Status Report of the United States (Dec. 5, 2022) (the "Status Report").

5.      The First Circuit has held that a presumptive right of public access attaches to letters written by third parties submitted as attachments to sentencing memoranda.  *United States v. Kravetz*, 706 F.3d 47, 57-58 (1st Cir. 2013).  *Kravetz* also holds, however, that "[t]hough the public's right of access is vibrant, it is not unfettered.  Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access."  706 F.3d at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).  These interests include the privacy rights of third parties, *Kravetz*, 706 F.3d at 63, and national security concerns, *see United States v. Vinas*, 2017 WL 2462503 (E.D.N.Y. 2017) (continued sealing of redacted portions of a sentencing memorandum was warranted, "as the national security interests implicated by the redactions to [a classified submission] constitute 'higher values' sufficient to outweigh the presumption of public access"); *see also United States v. Aref*, 533 F.3d 78, 82 (2d Cir. 2008) (redaction for "higher values" justified on a showing that information sought would "impair identified national interests"); *United States v. Moussaoui*, 65 Fed. Appx. 881, 887 (4th Cir. 2003) (unpublished) ("At the outset, we note that there can be no doubt that the Government's

interest in protecting the security of classified information is a compelling one").  There were no

national security concerns at issue in *Kravetz*.

6.      A complicating factor justifying approximately 35 days of continued sealing is the

filing of the Document (and any reference to its classified contents) in the civil case before Judge

Woodlock.  As noted in the government's Status Report in that case, the government is

attempting to reach agreement with the twelve parties to that case on procedures that would

guard against disclosure or use of classified information in that litigation but permit any lawful

use of the unclassified information in the Document in that litigation.

7.      Because *Kravetz* does not require the immediate disclosure of national security

information, and because a decision by this Court requiring disclosure of the Document or any

portion of it risks the disclosure of information that would harm national security, the

government requests the continued sealing of the Document until January 15, 2023, so that it can

propose a solution that it believes would properly address the government's national security

interests.

For the foregoing reasons, the government respectfully requests that the Court keep the Document (Docket No. 227-1) under seal until January 15, 2023, by which point the government will file a status report setting forth any proposed resolution, or will file any motions necessary to protect further against the disclosure of classified information.  Counsel for defendant Baugh consents to the relief requested in this motion.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney


By:     */s/ Seth B. Kosto*
        SETH B. KOSTO
        Assistant United States Attorney
        (617) 748-3230

December 9, 2022

4

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants .


                                                    ___/s/Seth B. Kosto_____
                                                    SETH B. KOSTO
                                                    Assistant United States Attorney



Date: December 9, 2022